1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  State Bar No. 90294
   455 Golden Gate Avenue, Suite 11000
4  San Francisco, CA  94102-7004
   Telephone:  (415) 703-5520
5  Facsimile:  (415) 703-5480
   E-mail: Paul.Hammerness@doj.ca.gov
6
   Attorneys for Defendant State of California Highway
7  Patrol

8

UNITED STATES DISTRICT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

12

13  ALEXIS DIKES,                        Case No.  C-07-5483 EDL

14                         Plaintiff,    DEFENDANT'S ANSWER TO
                                         COMPLAINT; DEMAND FOR
15       v.                              JURY TRIAL [FRCP 38]

16  STATE OF CALIFORNIA, ET AL.,         Action Filed:  October 26, 2007

17                         Defendants.   E-FILED

18

19       COMES NOW Defendant State of California Highway Patrol, and in response to

20  plaintiff's complaint herein admits, denies, and alleges as follows:

21       1. In response to paragraphs 1 through 4 of said complaint, defendant lacks sufficient

22  information or belief to admit the allegations contained therein, and on that basis, denies the

23  allegations thereof.

24       2.  In response to paragraphs 5 through 8 of the complaint, defendant admits the

25  allegations thereof.

26       3.  In response to paragraph 9 of said complaint, defendant lacks sufficient information or

27  belief to admit the allegations contained therein, and on that basis, denies the allegations thereof.

28       4. In response to the remaining paragraphs of said complaint, defendant admits that on

1

the date mentioned, plaintiff's decedent was shot by its employees, with probable cause and legal justification, through the use of reasonable force in an attempt to arrest the decedent and/or in the lawful exercise of the right of self-defense or of third persons. Save and except as so admitted, defendant denies each and every remaining allegations of said paragraphs, and further denies that plaintiff has been damaged in the sum or sums alleged, or at all, or that defendant or any agent or employee thereof committed any wrongful act or omission which caused plaintiff any injury or damage whatsoever.

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendant alleges as follows:

AFFIRMATIVE DEFENSE NO. 1.:

5. The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 2.:

6. The complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 3.:

7. The complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages. (Gov. Code, § 818; Civ. Code, § 3294.)

AFFIRMATIVE DEFENSE NO. 4.:

8. The decedent herein voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 5.:

9. All happenings and events, damages and injuries, if any there were, referred to in the complaint were proximately caused and contributed to by the negligence and/or wrongful conduct of plaintiff's decedent and others, each and all of whom failed to exercise ordinary care in their own behalf at all times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 6.:

10. The damages alleged in the complaint herein are subject to a set-off either partially or in full.

2

AFFIRMATIVE DEFENSE NO. 7.:

11. At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

AFFIRMATIVE DEFENSE NO. 8.:

12. Defendant owed no duty of care to the plaintiff or the plaintiff's decedent. *Zelig* v. *County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

AFFIRMATIVE DEFENSE NO. 9.:

13. The complaint and each cause of action therein are barred by the statute of limitations of Code of Civil Procedure section 342 [relating to claims against public entities] and Government Code sections 945.4 and 945.6.

AFFIRMATIVE DEFENSE NO. 10.:

14. The conduct of plaintiff/decedent estops plaintiff from claiming the damages alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 11.:

15. Pursuant to Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 12.:

16. There is no basis for imposing vicarious liability on a public entity when its employee is not liable. Gov. Code §815.2; *Zelig* v. *County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

AFFIRMATIVE DEFENSE NO. 13.:

17. To the extent that the complaint herein attempts to predicate liability upon any public entity defendant or any agent or employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by Government Code sections 815.2 and 820.2 and *Herndon* v. *County of Marin* (1972) 25 Cal.App.3d 933, 935-936, reversed on other grounds by *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710; by the lack of any duty running to plaintiff(s); by the fact that any such purported act or omission

is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 14.:

18. There is no respondeat superior liability for public entities under 42 U.S.C. §1983. *Monell* v. *Department of Social Services of the City of New York*, 436 U.S. 658, 690, 56 L.Ed.2d 611, 98 S.Ct. 2108 (1978).

AFFIRMATIVE DEFENSE NO. 15.:

19. Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

AFFIRMATIVE DEFENSE NO. 16.:

20. There is no liability for injuries, if any there were, caused by independent contractors or third parties.

AFFIRMATIVE DEFENSE NO. 17.:

21. To the extent that answering defendant or its employees used force during the incident alleged in the complaint, it was privileged as reasonably necessary, and was believed to be reasonably necessary, in the lawful defense of third parties.

AFFIRMATIVE DEFENSE NO. 18.:

22. At the times and places alleged in the complaint, plaintiff's decedent willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the complaint by unlawful and wrongful conduct. The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

AFFIRMATIVE DEFENSE NO. 19.:

23. To the extent that answering defendant or its employees used force in the incident alleged in the complaint, such use of force was in the exercise of the right of self-defense. The acts of answering defendant was in the exercise of the right of self-defense or the right to defend

1  others. (Civ. Code, §§ 43, 50; Pen. Code, §§ 197, 198.5, 417, 692, 835a, 836.5, subd. (b).)

2  AFFIRMATIVE DEFENSE NO. 20.:

3       24. If and to the extent that the allegations of the complaint attempt to enlarge upon the
4  facts and contentions set forth in the California Victim Compensation and Government Claims
5  Board claim, if any there was, said complaint fails to state a cause of action and is barred by
6  Government Code sections 905.2, 911.2 and 950.2.

7  AFFIRMATIVE DEFENSE NO. 21.:

8       25. The detention or arrest, if any there was, alleged in the complaint was regular and
9  lawful and made in good faith by a peace officer or peace officers acting within the course and
10 scope of authority and with reasonable cause to believe at the time that such action was lawful.

11 AFFIRMATIVE DEFENSE NO. 22.:

12      26. The arrest alleged in the complaint was made pursuant to a warrant of arrest regular
13 upon its face, and therefore there can be no liability pursuant to Government Code section 815.2
14 and Civil Code section 43.55.

15 AFFIRMATIVE DEFENSE NO. 23.:

16      27. Only reasonable force and restraint were used in the incident alleged in the
17 complaint. There is no liability pursuant to Penal Code sections 835 and 835a and Government
18 Code section 815.2. Plaintiff's decedent knew or should have known that an arrest or detention
19 was being made by peace officers and had a duty to refrain from using force or any weapon to
20 resist any such arrest or detention, and was/were in violation of Penal Code sections 148, 241,
21 243, 245 and 834a in failing to refrain from assaulting, threatening, battering, obstructing and
22 resisting peace officer(s).

23 AFFIRMATIVE DEFENSE NO. 24.:

24      28. To the extent that any force was used in making the arrest or detention, if any there
25 was, alleged in the complaint, it was privileged as necessary to effect arrest, to prevent escape,
26 and to overcome resistance.

27 AFFIRMATIVE DEFENSE NO. 25.:

28      29. As to any person who is a parolee, there can be no compensable injury for false

arrest or imprisonment. (Pen. Code, § 3056.)

AFFIRMATIVE DEFENSE NO. 26.:

30. The complaint is defective under Code of Civil Procedure sections 430.10(d), 377.60 and 389 in that all of the decedent's children are indispensable parties to this action in that complete relief cannot be accorded among those already parties in the absence of said parties, or said parties may claim an interest relating to the subject of this action which may, (i) as a practical matter, impair or impede the ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of double, multiple, or otherwise inconsistent obligations.

AFFIRMATIVE DEFENSE NO. 27.:

31. Answering defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

AFFIRMATIVE DEFENSE NO. 28.:

32. The complaint fails to state a cause of action against answering defendants pursuant to *Monell* v. *Department of Social Services of the City of New York* (1978) 436 U.S. 658, 690 [56 L.Ed.2d 611, 98 S.Ct. 2108] because the State of California and its agencies and departments are state rather than municipal entities.

AFFIRMATIVE DEFENSE NO. 29.:

33. Neither the State of California nor any of its departments or agencies is a "person" within the meaning of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

AFFIRMATIVE DEFENSE NO. 30.:

34. This Court lacks subject matter jurisdiction over the causes of action alleged in the complaint herein because the allegations do not state a cause of action for Constitutional tort, or any cause of action at all.

AFFIRMATIVE DEFENSE NO. 31.:

35. Answering defendant has not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States. There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the

United States.

AFFIRMATIVE DEFENSE NO. 32.:

36. There is no imputed liability between a public officer and the employing public entity in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 33.:

37. The complaint herein fails to state facts sufficient to constitute a cause of action in that negligence is not a federal civil rights violation. (*Daniels* v. *Williams* (1986) 474 U.S. 327 [88 L.Ed.2d 662, 106 S.Ct. 662].)

AFFIRMATIVE DEFENSE NO. 34.:

38. The claim for punitive damages against public entities such as the State of California and its agencies is not permitted. (*City of Newport* v. *Fact Concerts* (1981) 453 U.S. 247, 271 [69 L.Ed.2d 616, 101 S.Ct. 2748]; Gov. Code, § 818.)

AFFIRMATIVE DEFENSE NO. 35.:

39. To the extent that the complaint herein seeks recovery on any common law tort theory, any liability for common law tort must be diminished in proportion to the amount of fault attributable to plaintiff's decedent and others.

AFFIRMATIVE DEFENSE NO. 36.:

40. Answering defendant's employees are entitled to qualified and official and quasi-judicial immunity. Defendant acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102 S.Ct. 2727].)

AFFIRMATIVE DEFENSE NO. 37.:

41. Insofar as defendant has promulgated any rule or regulation or directive, such promulgation was done within the scope of discretion, in good faith, with due care, and with the intent that such rule or regulation or directive conforms in all respects to the Constitution and

laws of the United States.

AFFIRMATIVE DEFENSE NO. 38.:

42. There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care. (Gov. Code, §§ 815.2, 820.4.)

AFFIRMATIVE DEFENSE NO. 39.:

43. Qualified immunity protects governmental officials performing discretionary functions from liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

AFFIRMATIVE DEFENSE NO. 40.:

44. There is no liability for any injury or damages, if any there were, caused by an escaping or escaped prisoner, by an escaped or escaping arrested person, or by a person resisting arrest. (Gov. Code, § 845.8, subd (b).)

AFFIRMATIVE DEFENSE NO. 41.:

45. There is no liability for any injury or damages, if any there were, caused by a prisoner or to a prisoner. (Gov. Code, § 844.6.)

AFFIRMATIVE DEFENSE NO. 42.:

46. Public entities are immune from suit when their employees are immune from suit. (Gov. Code, § 815.2.)

## DEMAND FOR JURY TRIAL [FRCP 38(a)]

Answering defendant respectfully demands trial by jury and a court reporter at time of trial. Fed. R. Civ. Proc. 38(a).

WHEREFORE, Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiff; and

2. Plaintiff take nothing by the Complaint; and

3. Defendant be awarded costs of suit incurred herein; and

4. Defendant be awarded such other and further relief as the Court may deem necessary

and proper.

Dated: October 30, 2007.

EDMUND G. BROWN JR., Attorney General
of the State of California


 s/Paul T. Hammerness
PAUL T. HAMMERNESS
Supervising Deputy Attorney General

Attorneys for Defendant State of California
Highway Patrol

9

Deft's Ans. To Cmplnt; Demand for Jury Trial     *Dikes v. State, et al.* -Case No. C-07-5483 EDL