1  THOMAS P. GREERTY, ESQ.
   Attorney at Law
2  917 La Juntas Street
   Martinez, CA  94102
3  Telephone:  (925) 370-8400
   Fax:  (925) 370-0778
4
   Attorney for Plaintiff
5
   EDMUND G. BROWN JR.
6  Attorney General of the State of California
   PAUL T. HAMMERNESS, State Bar No. 90294
7  Supervising Deputy Attorney General
     455 Golden Gate Avenue, Suite 11000
8    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5520
9    Fax:  (415) 703-5480
     Email:  Paul.Hammerness@doj.ca.gov
10
   Attorneys for Defendant State of California Highway
11 Patrol

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO CIVIL DIVISION

| | |
|---|---|
| A. D., A MINOR,<br><br>                               Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                               Defendants. | Case No.  C-07-5483-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date: February 8, 2008<br>Time: 2:00 p.m.<br>Ctrm: 10, 19th Flr.<br>Judge:  Honorable Susan Illston |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**DESCRIPTION OF THE CASE**

1. **A brief description of the events underlying the action**: This case arises out of the shooting death of decedent, Karen Eklund, by officers of the California Highway Patrol on

Joint CMS and Proposed Order                                                    A. D. v. State of California, et al.
                                                                                                C-07-5483-SI

1

March 23, 2006. Plaintiff, decedent's minor daughter, brings claims for wrongful death and civil rights violations against Defendant California Highway Patrol.

   2.   **The principal factual issues which the parties dispute**:

   a.   Plaintiff's Claims and Contentions:

   1. Whether plaintiff's decedent posed a threat or resistance which justified the use of force against her, and whether the force used was reasonable.

   2. Whether defendant's officers committed a battery against plaintiff's decedent.

   3. Whether the death of plaintiff's decedent was the proximate result of negligent training and supervision by the defendant State of California Highway Patrol.

   4. Whether or not, if the complaint is amended to add Officer S. Markgraf as a defendant, punitive damages should be awarded.

   b.   Defendant's Contentions:

   i. Whether Defendant or its officers are entitled to immunity.

   ii. Whether the plaintiff is entitled to maintain a wrongful death action under California law.

   iii. Whether the conduct of Defendant's officers violated the civil rights of decedent.

   iv. Whether Defendant's officers used excessive force under the Constitution or under state law.

   3.   **The principal legal issues which the parties dispute**:

   a. Whether the State of California Highway Patrol is a suable "person" under 42 U.S.C. § 1983.

   b. Whether the State of California Highway Patrol may be held liable under common law theories, such as negligent training or supervision or battery or under Cal. Govt. Code § 815.2.

   c. Whether all heirs of the decedent should or must be joined as parties.

   d. Whether Officer S. Markgraf can be joined as an individual defendant by amendment of the complaint.

   e. Whether the other minor successor of the decedent can be added to the complaint by

amendment.

  f. Whether the state law claims should be remanded to state court.

  g. Whether plaintiff can amend the complaint to add valid claims against defendant California Highway Patrol Officer S. Markgraf.

 4. **The other factual issues [*e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue*] which remain unresolved for the reason stated below and how the parties propose to resolve those issues**: None.

 5. **The parties which have not been served and the reasons**: All named parties have been served.

 6. **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder**: Plaintiff intends to join and add through amendment Plaintiff John Eklund, a minor and Officer S. Markgraf, as a defendant.

 7. **The following parties consent to assignment of this case to a United States Magistrate Judge for jury trial**: None.

**ALTERNATIVE DISPUTE RESOLUTION**

 8. **The parties have filed a Stipulation and Proposed Order Selecting an ADR process (*specify process*)**:   The parties have agreed to participate in ENE which shall be conducted after some initial discovery has been completed, and in no event later than April 30, 2008.

 9. **Please indicate any other information regarding ADR process or deadline**. (See above).

**DISCLOSURES**

 10. The parties certify that they will have made the Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, by the time of the CMC.  Certain items regarding the case, including evaluative documents and findings, reconstructions, law enforcement policies and procedures and personnel records were withheld on privilege grounds by defendant, which plaintiff claims are subject to disclosure.

//

## DISCOVERY

11. **The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

(a) <u>Depositions</u>: There is only one Plaintiff and one Defendant. However, there are a number of involved and investigating officers and entities. Thus, the Parties anticipate obtaining all investigative reports (*e.g.* from the San Francisco Police Department, which investigated the shooting) and following up with depositions, if necessary.

(b) <u>Interrogatories</u>: The parties intend to propound interrogatories, as needed, after initial discovery has been obtained.

(c) <u>Request for Production of Documents</u>: The Parties anticipate propounding document requests, as needed, once initial discovery has been obtained.

(d) <u>Discovery Cut-Off</u>: The Parties propose that discovery shall be completed by September 1, 2007. The Parties further agree that "discovery cut-off" in this context will refer to the date depositions must be concluded and responses to written discovery are due.

(e) <u>Expert Disclosures</u>: The Parties propose that expert discovery shall be completed by November 1, 2008 and that disclosures shall be governed by Federal Rule of Civil Procedure 26(a)(2).

(f) <u>Limitations on Discovery</u>: The Parties do not anticipate exceeding the limitations set forth in Rules 30, 31 and 33.

## TRIAL SCHEDULE

12. **The parties request a trial date as follows:** January 2009.

13. **The parties expect that the trial will last for the following number of days:** Approximately seven (7) to ten (10) court days.

## MISCELLANEOUS

(a) <u>Pretrial Conference</u>: The Parties propose that a Pretrial Conference be held approximately six (6) weeks before the scheduled trial date.

1  Dated:  January 30, 2008.                                    s/s Thomas Greerty
                                                                Attorney for Plaintiff
2

3  Dated:  January 30, 2008.                                    s/s Paul T. Hammerness
                                                                Attorney for Defendant
4

5

6                              **CASE MANAGEMENT ORDER**

7     The Case Management Statement and Proposed Order is hereby adopted by the Court as the

8  Case Management Order for the case and the parties are ordered to comply with this Order.  In

9  addition the Court orders:

10         [*The Court may wish to make additional orders, such as:*

11         *a.  Referral of the parties to court or private ADR process;*

12         *b.  Schedule a further Case Management Conference;*

13         *c.  Schedule the time and content of supplemental disclosures;*

14         *d.  Specially set motions;*

15         *e.  Impose limitations on disclosure or discovery;*

16         *f.  Set time for disclosure of identity, background and opinions of experts;*

17         *g.  Set deadlines for completing fact and expert discovery;*

18         *h.  Set time for parties to meet and confer regarding pretrial submissions;*

19         *i.  Set deadline for hearing motions directed to the merits of the case;*

20         *j.  Set deadline for submission of pretrial material;*

21         *k.  Set date and time for pretrial conference;*

22         *l.  Set a date and time for trial.]*

23

24

25  Dated:                                                      _____
                                                                Honorable Susan Illston
26                                                              United States District Judge

27

28

Joint CMS and Proposed Order                                           A. D. v. State of California, et al.
                                                                                              C-07-5483-SI
                                         5