John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Telephone: (415) 561-9600
Facsimile: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff, J.E., a minor

Thomas P. Greerty, SBN 85616
**ATTORNEY AT LAW**
917 La Juntas Street
Martinez, CA 94102
Telephone:(925) 370-8400
Facsimile: (925) 228-6825
tgreerty@tgreerty.com

Attorneys for Plaintiff, A.D., a minor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.D., a minor, as successor in interest to the ESTATE OF KAREN EKLUND, by and through her Guardian ad Litem, THOMAS P. GREERTY, and J.E., a minor, as successor in interest to the ESTATE OF KAREN EKLUND, by and through his Guardian ad Litem, SUE CASEY,<br><br>Plaintiffs,<br>v.<br><br>STATE OF CALIFORNIA HIGHWAY PATROL, STEPHEN MARKGRAF and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C-07-5483 S.I.<br><br>**STIPULATION AND [PROPOSED] ORDER TO ALLOW PLAINTIFFS TO FILE A FIRST AMENDED COMPLAINT** |

**STIPULATION**

IT IS HEREBY STIPULATED by and between the parties the plaintiffs may file a first amended complaint which is attached hereto as **Exhibit A**. By so stipulating to the filing of this First Amended Complaint the defendants do not waive any objections, defenses, claims or

- 1 -
STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT

arguments that may be raised relating to this amended complaint. The defendants shall have 20 days from the date of filing to respond to the First Amended Complaint.

DATED: February 27, 2008                               **SCOTT LAW FIRM**

By: _____
JOHN HOUSTON SCOTT
Attorney for Plaintiffs

DATED: February __, 2008

By: _____
TOM BLAKE
Attorney for Defendants

### ORDER

Based on the stipulation of the parties, and good cause appearing therefor;

**IT IS HEREBY ORDERED** that the plaintiffs may file their First Amended Complaint.

DATED:
_____
Honorable Susan Illston
U.S. District Court Judge

- 2 -

STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT

1  arguments that may be raised relating to this amended complaint. The defendants shall have 20
2  days from the date of filing to respond to the First Amended Complaint.
3
4  DATED: February 27, 2008                                  SCOTT LAW FIRM
5
6                                                            By: _____
7                                                                 JOHN HOUSTON SCOTT
                                                                  Attorney for Plaintiffs
8
9  DATED: February 28, 2008
10
11                                                           By: _____
                                                                  TOM BLAKE
12                                                                Attorney for Defendants
13
14
15                                      ORDER
16  Based on the stipulation of the parties, and good cause appearing therefor;
17  IT IS HEREBY ORDERED that the plaintiffs may file their First Amended Complaint.
18
19  DATED: _____
20                                                           Honorable Susan Illston
                                                             U.S. District Court Judge
21
22
23
24
25
26
27
28
                                         - 2 -
       STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT

Case 3:07-cv-05483-SI    Document 19    Filed 02/28/2008    Page 4 of 10

# EXHIBIT A

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Telephone: (415) 561-9600
Facsimile: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff, J.E., a minor

Thomas P. Greerty, SBN 85616
**ATTORNEY AT LAW**
917 La Juntas Street
Martinez, CA 94102
Telephone:(925) 370-8400
Facsimile: (925) 228-6825
tgreerty@tgreerty.com

Attorneys for Plaintiff, A.D., a minor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.D., a minor, as successor in interest to the ESTATE OF KAREN EKLUND, by and through her Guardian ad Litem, THOMAS P. GREERTY, and J.E., a minor, as successor in interest to the ESTATE OF KAREN EKLUND, by and through his Guardian ad Litem, SUE CASEY,<br><br>Plaintiffs,<br>v.<br><br>STATE OF CALIFORNIA HIGHWAY PATROL, STEPHEN MARKGRAF and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C-07-5483 S.I.<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**(42 U.S.C. § 1983 and Pendent State Claim)**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW PLAINTIFFS, who complain of Defendants, and each of them, and alleges as follows:

- 1 -

## I. JURISDICTION AND VENUE

1. This action arises under Title 42 of the United States Code § 1983. Jurisdiction is conferred pursuant to Title 28 of the United States Code §§1331 and 1343.

2. The claims alleged herein arose at or near San Francisco, California. Venue of this action lies in the United States District Court for the Northern District of California. 28 U.S.C. § 1391(b)(2).

## II. PARTIES

3. Plaintiffs A.D. and J.E. are the sole surviving heirs of decedent, Karen Eklund, and bring this action as Successor in Interest to the estate of the decedent.

4. Plaintiff A.D. is the daughter and heir of the decedent, Karen Eklund. At all times mentioned herein, A.D. was a minor, born on June 21, 1993. This action is brought by Thomas Greerty on behalf of A.D. as her guardian ad litem.

5. Plaintiff J.E. is the son of the decedent, Karen Eklund. At all times mentioned herein, J.E. was a minor, born on November 16, 1995. This action is brought by Sue Casey on behalf of J.E. as his guardian ad litem.

6. Defendant State of California Highway Patrol (CHP), and at all times mentioned herein, was an agency of the State of California with full police powers to act under color of state law.

7. Defendant Stephen Markgraf, at all times herein mentioned was a police officer employed by the State of California Highway Patrol.

8. Plaintiffs do not presently know the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue them by these fictitious names. Plaintiffs are informed and believe, and on that basis allege, that DOES 1 through 50, and each of them, were responsible in some manner for the injuries and damages alleged herein and claimed in this lawsuit. Plaintiffs will seek leave to amend this Complaint to add their true names and capacities when they have been ascertained.

- 2 -

9. In doing the acts and/or omissions alleged herein Defendants, and each of them, acted within the course and scope of their employment for the CHP and under color of authority and/or under color of state law.

10. In doing the acts and/or omissions alleged herein Defendants, and each of them, acted in concert with each of said other Defendants herein.

### III. STATEMENT OF FACTS

11. On March 23, 2006 in the City and County of San Francisco, Defendant Stephen Markgraf of the California Highway Patrol used excessive and deadly force by shooting Karen Eklund to death.

12. Following a high-speed chase, the decedent's vehicle was stopped near the end of a dead end street. Several highway patrol officers had her vehicle boxed in preventing her escape. The decedent was in need of immediate medial care for a medical condition. The decedent was shot to death at close range by defendant Stephen Markgraf through the passenger side of her vehicle. Other officers at the scene did not fire their weapons. The decedent did not have a weapon and did not pose an immediate threat to Stephen Markgraf or others.

13. The CHP authorized, condoned, and/or ratified the conduct of Stephen Markgraf.

### IV. STATEMENT OF DAMAGES

14. As a result of the acts and/or omissions of Defendants, and each of them, the decedent suffered severe injury and pain prior to her death, the loss of his life, and the loss of her rights guaranteed by the Constitution of the United States, in amounts according to proof.

15. As a result of the acts and/or omissions of Defendants, and each of them, the Plaintiffs, and each of them, suffered the loss of the familial association of the decedent, including society, comfort, and affection, in amounts to be determined according to proof.

16. As a result of the acts and/or omissions of Defendants, and each of them, the Plaintiffs, and each of them, suffered the loss of the services and economic support of the decedent

- 3 -

in amounts to be determined according to proof.

17. The acts and/or omissions of the individual Defendants, and each of them, as alleged in this Complaint, were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the constitutional rights of the decedent. Plaintiffs therefore pray for an award of punitive and exemplary damages according to proof.

18. Plaintiffs retained private counsel to represent them in this matter and are entitled to an award of attorneys' fees.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983 - Excessive Force)

19. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

20. In doing the acts and/or omissions alleged herein, Stephen Markgraf, and Does 1 - 50, and each of them, used excessive and unreasonable force against Karen Eklund in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. §1983 - Deliberate Indifference)

21. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

22. In doing the acts and/or omissions alleged herein, Defendant Stephen Markgraf, and Does 1 - 50, and each of them, were deliberately indifferent to the need to summon or provide medical care for Karen Eklund in violation of her rights under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

//
//

### THIRD CAUSE OF ACTION
### (42 U.S.C. SECTION 1983)
### (DEPRIVATION OF FAMILIAL RELATIONSHIP)

23.   Plaintiffs hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

24.   By and through the acts and omissions alleged herein, Defendant, Stephen Markgraf, and DOES 1 -50, deprived Plaintiffs of the familial relationship with their mother thereby violating said Plaintiffs' rights under the First and/or Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (WRONGFUL DEATH - C.C.P § 377.60)

25.   Plaintiff, A.D., individually and as Successor in Interest to the Estate of Karen Eklund, by and through her Guardian ad Litem, hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

26.   In doing the acts and/or omissions alleged herein the agents and employees of the CHP negligently or recklessly caused the death of Karen Eklund. The CHP is liable under the doctrine of *respondeat superior*. As a result of the negligence or recklessness the plaintiffs suffered injuries and damages as are alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY TRIAL DEMAND

Plaintiffs hereby requests a jury trial on all issues so triable.

//
//
//

**PRAYER**

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against the individual Defendants according to proof;
4. For prejudgment interest at the legal rate according to proof;
5. For costs and attorney's fees; and
6. For such other relief as the Court may deem proper.

Dated: February 27, 2008

Respectfully submitted,

**SCOTT LAW FIRM**

By: _____
John Houston Scott,
Attorney for Plaintiff

- 6 -