1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TOM BLAKE, State Bar No. 51885
   Deputy Attorney General
3  JOHN P. DEVINE, State Bar No. 170773
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
5   Telephone: (415) 703-5506 / 703-5522
    Fax: (415) 703-5480
6   Email: Tom.Blake@doj.ca.gov
    John.Devine@doj.ca.gov
7
   Attorneys for Defendants State of California, Acting
8  By and Through Department of California Highway
   Patrol, and CHP Officer Stephen Markgraf
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14

15  A.D., a minor, as successor in interest to the )      Case No. C-07-5483 SI
    ESTATE OF KAREN EKLUND, by and through
16  her Guardian ad Litem, THOMAS P.GREERTY,              **DEFENDANTS' ANSWER TO**
    and J.E., a minor, as successor in interest to the    **FIRST AMENDED COMPLAINT;**
17  ESTATE OF KAREN EKLUND, by and through                **DEMAND FOR JURY TRIAL**
    his Guardian ad Litem, SUE CASEY,                     **[FRCP 38]**
18                                    Plaintiffs,
                                                          **Action Filed: October 26, 2007**
19          v.
                                                          **E-FILED**
20  STATE OF CALIFORNIA HIGHWAY PATROL,
    STEPHEN MARKGRAF and )DOES 1 through 50,
21  inclusive,
                                      Defendants.

22

23          COME NOW defendants State of California, Acting By and Through Department of

24  California Highway Patrol, and CHP Officer Stephen Markgraf and in response to plaintiffs'

25  First Amended Complaint herein admit, deny, and allege as follows:

26          1. In response to paragraphs 1 through 5 of said First Amended Complaint, defendants

27  lack sufficient information or belief to admit the allegations contained therein, and on that basis,

28  deny the allegations thereof.

                                    1

2. In response to paragraphs 6, 7 and 9 of the First Amended Complaint, defendants admit the allegations thereof.

3. In response to paragraphs 8, 10, 13, 18 and 26 of said First Amended Complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering defendants deny each and every allegation of said paragraph.

4. In response to the remaining paragraphs of said First Amended Complaint, defendants admit that on the date mentioned, plaintiffs' decedent was shot by its employees, with probable cause and legal justification, through the use of reasonable force in an attempt to arrest the decedent and/or in the lawful exercise of the right of self-defense or of third persons. Save and except as so admitted, defendants deny each and every remaining allegations of said paragraphs, and further deny that plaintiffs have been damaged in the sum or sums alleged, or at all, or that defendants or any agent or employee thereof committed any wrongful act or omission which caused plaintiffs any injury or damage whatsoever.

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering defendants allege as follows:

AFFIRMATIVE DEFENSE NO. 1.:

5. The First Amended Complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 2.:

6. The First Amended Complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 3.:

7. The First Amended Complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages. (Gov. Code, § 818; Civ. Code, § 3294.)

AFFIRMATIVE DEFENSE NO. 4.:

8. The decedent herein voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities alleged in the First Amended Complaint.

///

1  AFFIRMATIVE DEFENSE NO. 5.:

2      9.  All happenings and events, damages and injuries, if any there were, referred to in the

3  First Amended Complaint were proximately caused and contributed to by the negligence and/or

4  wrongful conduct of plaintiffs' decedent and others, each and all of whom failed to exercise

5  ordinary care in their own behalf at all times and places alleged in the First Amended Complaint.

6  AFFIRMATIVE DEFENSE NO. 6.:

7      10.  The damages alleged in the First Amended Complaint herein are subject to a set-off

8  either partially or in full.

9  AFFIRMATIVE DEFENSE NO. 7.:

10      11.  At all relevant times, each defendants acted independently and not in association or

11  concert with or as agent or servant of any other defendant, including any sued herein under

12  fictitious names, or of the employees or agents of other defendants.

13  AFFIRMATIVE DEFENSE NO. 8.:

14      12.  Defendants owed no duty of care to the plaintiffs or the plaintiffs' decedent.  *Zelig* v.

15  *County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

16  AFFIRMATIVE DEFENSE NO. 9.:

17      13.  The First Amended Complaint and each cause of action therein are barred by the

18  statute of limitations of Code of Civil Procedure section 342 [relating to claims against public

19  entities] and Government Code sections 945.4 and 945.6.

20  AFFIRMATIVE DEFENSE NO. 10.:

21      14.  The conduct of plaintiffs and the decedent estops plaintiffs from claiming the

22  damages alleged in the First Amended Complaint.

23  AFFIRMATIVE DEFENSE NO. 11.:

24      15.  Pursuant to Government Code sections 962 and 984, any judgment entered herein

25  may be paid by periodic payments rather than in a lump sum.

26  ///

27  ///

28  ///

3

AFFIRMATIVE DEFENSE NO. 12.:

16. There is no basis for imposing vicarious liability on a public entity when its employee is not liable. Gov. Code §815.2; *Zelig* v. *County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

AFFIRMATIVE DEFENSE NO. 13.:

17. To the extent that the First Amended Complaint herein attempts to predicate liability upon any public entity defendant or any agent or employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by Government Code sections 815.2 and 820.2 and *Herndon* v. *County of Marin* (1972) 25 Cal.App.3d 933, 935-936, reversed on other grounds by *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710; by the lack of any duty running to plaintiffs or any of them; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the First Amended Complaint.

AFFIRMATIVE DEFENSE NO. 14.:

18. There is no respondeat superior liability for public entities under 42 U.S.C. §1983. *Monell* v. *Department of Social Services of the City of New York*, 436 U.S. 658, 690, 56 L.Ed.2d 611, 98 S.Ct. 2108 (1978).

AFFIRMATIVE DEFENSE NO. 15.:

19. Because the First Amended Complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

AFFIRMATIVE DEFENSE NO. 16.:

20. There is no liability for injuries, if any there were, caused by independent contractors or third parties.

///

///

4

AFFIRMATIVE DEFENSE NO. 17.:

21.  To the extent that answering defendants or their agents, servants or employees used force during the incident alleged in the First Amended Complaint, it was privileged as reasonably necessary, and was believed to be reasonably necessary, in the lawful defense of third parties.

AFFIRMATIVE DEFENSE NO. 18.:

22.  At the times and places alleged in the First Amended Complaint, plaintiffs' decedent willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the First Amended Complaint by unlawful and wrongful conduct.  The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

AFFIRMATIVE DEFENSE NO. 19.:

23.  To the extent that answering defendants or their agents, servants or employees used force in the incident alleged in the First Amended Complaint, such use of force was in the exercise of the right of self-defense.  The acts of answering defendants were in the exercise of the right of self-defense or the right to defend others.  (Civ. Code, §§ 43, 50; Pen. Code, §§ 197, 198.5, 417, 692, 835a, 836.5, subd. (b).)

AFFIRMATIVE DEFENSE NO. 20.:

24.  If and to the extent that the allegations of the First Amended Complaint attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation and Government Claims Board claim, if any there was, said First Amended Complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 21.:

25.  The detention or arrest, if any there was, alleged in the First Amended Complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

///

AFFIRMATIVE DEFENSE NO. 22.:

26. The arrest alleged in the First Amended Complaint was made pursuant to a warrant of arrest regular upon its face, and therefore there can be no liability pursuant to Government Code section 815.2 and Civil Code section 43.55.

AFFIRMATIVE DEFENSE NO. 23.:

27. Only reasonable force and restraint were used in the incident alleged in the First Amended Complaint. There is no liability pursuant to Penal Code sections 835 and 835a and Government Code section 815.2. Plaintiffs' decedent knew or should have known that an arrest or detention was being made by peace officers and had a duty to refrain from using force or any weapon to resist any such arrest or detention, and was in violation of Penal Code sections 148, 241, 243, 245 and 834a in failing to refrain from assaulting, threatening, battering, obstructing and resisting peace officers.

AFFIRMATIVE DEFENSE NO. 24.:

28. To the extent that any force was used in making the arrest or detention, if any there was, alleged in the First Amended Complaint, it was privileged as necessary to effect arrest, to prevent escape, and to overcome resistance.

AFFIRMATIVE DEFENSE NO. 25.:

29. As to any person who is a parolee, there can be no compensable injury for false arrest or imprisonment. (Pen. Code, § 3056.)

AFFIRMATIVE DEFENSE NO. 26.:

30. The First Amended Complaint is defective under Code of Civil Procedure sections 430.10(d), 377.60 and 389 in that all of the decedent's children are indispensable parties to this action in that complete relief cannot be accorded among those already parties in the absence of said parties, or said parties may claim an interest relating to the subject of this action which may, (i) as a practical matter, impair or impede the ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of double, multiple, or otherwise inconsistent obligations.

///

AFFIRMATIVE DEFENSE NO. 27.:

31.  Answering defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

AFFIRMATIVE DEFENSE NO. 28.:

32.  The First Amended Complaint fails to state a cause of action against answering defendants pursuant to *Monell* v. *Department of Social Services of the City of New York* (1978) 436 U.S. 658, 690 [56 L.Ed.2d 611, 98 S.Ct. 2108] because the State of California and its agencies and departments are state rather than municipal entities.

AFFIRMATIVE DEFENSE NO. 29.:

33.  Neither the State of California nor any of its departments or agencies is a "person" within the meaning of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

AFFIRMATIVE DEFENSE NO. 30.:

34.  This Court lacks subject matter jurisdiction over the causes of action alleged in the First Amended Complaint herein because the allegations do not state a cause of action for Constitutional tort, or any cause of action at all.

AFFIRMATIVE DEFENSE NO. 31.:

35.  Answering defendants have not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States.  There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 32.:

36.  There is no imputed liability between a public officer and the employing public entity in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 33.:

37.  The First Amended Complaint herein fails to state facts sufficient to constitute a cause of action in that negligence is not a federal civil rights violation.  (*Daniels* v. *Williams* (1986) 474 U.S. 327 [88 L.Ed.2d 662, 106 S.Ct. 662].)

///

1    AFFIRMATIVE DEFENSE NO. 34.:

2        38.  The claim for punitive damages against public entities such as the State of California

3    and its agencies is not permitted.  (*City of Newport* v. *Fact Concerts* (1981) 453 U.S. 247, 271

4    [69 L.Ed.2d 616, 101 S.Ct. 2748]; Gov. Code, § 818.)

5    AFFIRMATIVE DEFENSE NO. 35.:

6        39.  To the extent that the First Amended Complaint herein seeks recovery on any

7    common law tort theory, any liability for common law tort must be diminished in proportion to

8    the amount of fault attributable to plaintiffs' decedent and others.

9    AFFIRMATIVE DEFENSE NO. 36.:

10       40.  Answering defendants and their agents, servants or employees  are entitled to

11   qualified and official and quasi-judicial immunity.  Defendants acted at all times herein relevant

12   in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations,

13   rules, and practices reasonably believed to be in accordance with the Constitution and laws of the

14   United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in

15   good faith and entertains an honest, reasonable belief that one's actions are in accord with the

16   clearly-established law.  (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102

17   S.Ct. 2727].)

18   AFFIRMATIVE DEFENSE NO. 37.:

19       41.  Insofar as any defendant has promulgated any rule or regulation or directive, such

20   promulgation was done within the scope of discretion, in good faith, with due care, and with the

21   intent that such rule or regulation or directive conforms in all respects to the Constitution and

22   laws of the United States.

23   AFFIRMATIVE DEFENSE NO. 38.:

24       42.  There is no liability in that the acts alleged in the First Amended Complaint, if done

25   at all, were done in the execution and enforcement of the law while exercising due care.  (Gov.

26   Code, §§ 815.2, 820.4.)

27   ///

28   ///

8

AFFIRMATIVE DEFENSE NO. 39.:

43.  Qualified immunity protects governmental officials performing discretionary functions from liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

AFFIRMATIVE DEFENSE NO. 40.:

44.  There is no liability for any injury or damages, if any there were, caused by an escaping or escaped prisoner, by an escaped or escaping arrested person, or by a person resisting arrest.  (Gov. Code, § 845.8, subd (b).)

AFFIRMATIVE DEFENSE NO. 41.:

45.  There is no liability for any injury or damages, if any there were, caused by a prisoner or to a prisoner.  (Gov. Code, § 844.6.)

AFFIRMATIVE DEFENSE NO. 42.:

46.  Public entities are immune from suit when their employees are immune from suit. (Gov. Code, § 815.2.)

**DEMAND FOR JURY TRIAL [FRCP 38(a)]**

Answering defendants respectfully demand trial by jury and a court reporter at time of trial.  Fed. R. Civ. Proc. 38(a).

///
///
///
///
///
///
///
///
///

9

1       WHEREFORE, defendants prays that:

2      1.  Judgment be rendered in favor of defendants and against plaintiffs; and

3      2.  Plaintiffs take nothing by this First Amended Complaint; and

4      3.  Defendants be awarded costs of suit incurred herein; and

5      4.  Defendants be awarded such other and further relief as the Court may deem necessary

6   and proper.

7       Dated:   May 9, 2008.

8                          EDMUND G. BROWN JR., Attorney General
                            of the State of California

9

10

11                       s/ Tom Blake
                        TOM BLAKE

12                      Deputy Attorney General

13                      Attorneys for Defendants State of California,
                        Acting By and Through Department of California

14                      Highway Patrol, and CHP Officer Stephen
                        Markgraf

15

16

17

18

19

20

21

22

23

24

25

26

27

28