IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.D., a minor, etc., et al, <br><br>          Plaintiffs, <br>   v. <br><br> STATE OF CALIFORNIA HIGHWAY PATROL and STEPHEN MARKGRAF, <br><br>          Defendants. <br> _____ / | No. C 07-5483 SI <br><br> **FINAL PRETRIAL SCHEDULING ORDER** |

On April 14, 2009, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning April 27, 2009. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel. **Jury selection will begin at 9:30 a.m. on Wednesday, April 22, 2009.** After selection, the jury will be released to return Monday, April 27, 2009 at 8:30 a.m.

3. **Jury instructions**: Counsel have not submitted any proposed jury instructions. No later than **Wednesday, April 22, 2009**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason

for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect X3 (windows) on or before April 22, 2009.

4. **Trial exhibits**: No later than April 24, 2009, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court. The parties have agreed to exchange their exhibits among themselves no later than April 22, 2009.

5. **Bifurcation and timing of trial**: Plaintiffs have sought bifurcation of the trial, such that the first phase would resolve defendants' liability, and the second phase (with the same jury) would resolve damages. Given that some prejudicial evidence, concerning decedent's criminal history, drug use and parental behavior, may be relevant to damages but not to liability, the Court agrees and will bifurcate liability from damages. It is further ordered that during opening statements in the first phase, no reference should be made to the witnesses or evidence anticipated to be presented in the second phase, absent prior order of Court. The parties estimate that the liability phase should take 5-6 days and the damages phase 1-2 days. Based on these estimates and allocations, each side shall have 30 minutes for opening statements in the first phase, and 30 minutes for opening statements in the second phase; each side shall have 10 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits, in the first phase; each side shall have 2 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits, in the second phase; each side shall have up to 45 minutes for closing arguments after the first phase; and each side shall have up to 30 minutes for closing arguments after the second phase.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury

trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. **The Court will not be available May 4 or May 5, 2009.**

7. **Motions in limine**: The parties filed motions in limine, as follows:

**Plaintiff's No. 1 and 2: motion to exclude evidence of decedent's arrest record and "unfounded allegations of child abuse" and testimony by Dr. Keram**: Plaintiff seeks to exclude as irrelevant and unfairly prejudicial evidence related to decedent's arrest record, criminal history, and family court experiences, and Dr. Keram's testimony concerning the nature of decedent's familial support.

(A) Defendants seek to introduce evidence of decedent's pending criminal charges, combined with her criminal history, in the liability phase to explain her motive to flee. Plaintiffs object that the motive to flee is not relevant to the liability phase: it was not known to the pursuing officers and it is her conduct, not her motive, on which liability decisions will be based. The Court agrees; plaintiff's motions are GRANTED as to the liability phase.

(B) As to the damages phase, defendants assert that they will only offer "evidence of decedent's parenting history, parenting skills or abuse of the [children]" in the damage phase, and even then "do not intend to dwell on" such matters. As thus limited, plaintiff's motions are DENIED as to the damages phase, without prejudice to specific FRE 403 objections at time of trial.

**Plaintiff's No. 3: motion to exclude Parris Ward's testimony:** Plaintiff seeks to exclude the testimony of and the "electronic animation of the chase" or any other exhibits by Parris Ward, because they were provided late. Defendants respond that they do not plan to call Mr. Ward to testify, and will attempt to introduce the exhibits through percipient witnesses. The motion is DENIED without prejudice to specific objections at time of trial.

**Plaintiff's No. 4: motion to limit evidence of the chase:** Plaintiff objects, on FRE 403 grounds, to evidence of the car chase which culminated in plaintiff's arrest and shooting. The motion is DENIED, without prejudice to renewal at time of trial should cumulative or unfairly prejudicial

testimony be offered.

**Plaintiff's No. 5: motion to exclude police reports and related documents:** Defendants respond that they do not plan to introduce "police reports per se," but do plan to use photos, diagrams and audio recordings if they are authenticated. As such, plaintiff's motion is DENIED.

**Defendant's motion to disallow "abstract damages":** Defendant seeks to present plaintiffs from arguing "abstract" damages based on constitutional violations untethered to particular injuries. Plaintiffs respond that they do not intend to do so, since their concrete injuries include decedent's death. The motion is DENIED as framed.

**Defendant's motion to disallow evidence concerning CHP and other investigations post-shooting:** DENIED as framed; much of the information gathered in post-shooting investigations will be relevant and relied on by both sides in this case. Specific objections may be made during trial should counsel improperly characterize any such investigations.

**IT IS SO ORDERED.**

Dated: April 21, 2009

_____
SUSAN ILLSTON
United States District Judge