United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

A.D. and J.E., minors,

      Plaintiffs,

  v.

STEPHEN MARKGRAF,

      Defendant.

                                    /

No. C 07-5483 SI

**ADVICE TO COUNSEL RE: INSTRUCTIONS AND VERDICT FORM**

Draft instructions to be given to the jury at the conclusion of the liability phase presentation, together with a form of verdict, are attached.

**IT IS SO ORDERED.**

Dated: April 28, 2009

                                                                     /s/ Susan Illston

                                                           SUSAN ILLSTON
                                                           United States District Judge

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits which have been received into evidence; and

(3)    any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

1

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as a testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness' memory;
(3) the witness' manner while testifying;
(4) the witness' interest in the outcome of the case and any bias or prejudice;
(5) whether other evidence contradicted the witness' testimony;
(6) the reasonableness of the witness' testimony in light of all the evidence; and
(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about that fact.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case.

## CHARTS AND SUMMARIES

Certain charts and summaries were received in evidence, to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**SECTION 1983 CLAIM FOR FOURTEENTH AMENDMENT LIBERTY INTEREST VIOLATION – ELEMENTS AND BURDEN OF PROOF**

The plaintiffs bring their claims under the federal statute, 42 U.S.C. Section 1983, which provides that any person or persons who, under color of law, deprive another of any rights, privileges or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiffs claim that defendant Stephen Markgraf violated Section 1983 by unlawfully depriving them of their liberty interest in their family relationship with their mother, Karen Eklund, in violation of the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides that: "No state shall . . . deprive any person of . . . liberty . . . without due process of law."

In order to prevail on their Section 1983 claims against defendant Stephen Markgraf, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.  the defendant acted under color of law; and

2.  the acts of the defendant deprived plaintiffs of their Fourteenth Amendment liberty interest in the companionship of their mother, decedent Karen Eklund, as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that, and I instruct you that, the defendant acted under color of law.

If you find the plaintiffs have proved by a preponderance of the evidence each of the elements they are required to prove under these instructions, your verdict should be for the plaintiffs on this claim. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant on this claim.

**RULES CONCERNING FOURTEENTH AMENDMENT LIBERTY INTEREST STANDARDS**

Plaintiffs' Section 1983 claim asserts a violation of their Fourteenth Amendment liberty interest in the companionship of their mother, decedent Karen Eklund. In order to prevail on this claim, plaintiff must prove that defendant Stephen Markgraf acted in a manner which shocks the conscience; that is, that Stephen Markgraf acted with a purpose to cause Karen Eklund's death unrelated to the legitimate law enforcement purposes of taking her into custody, self-defense, or the defense of others.

In determining whether defendant Stephen Markgraf acted with a purpose to cause Karen Eklund's death unrelated to a legitimate law enforcement purpose, you are instructed that taking her into custody, arresting her, self-defense, and the defense of others are legitimate law enforcement purposes.

**JURY NOT TO CONSIDER DAMAGES AT THIS TIME**

Your verdict at this time will determine only whether defendant Stephen Markgraf is liable for violation of Section 1983 as set out in these instructions. Damages, if any, may be considered at a second phase of this trial, depending on your findings during this phase of the trial.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

A.D. and J.E., minors,

       Plaintiffs,

  v.

STEPHEN MARKGRAF,

       Defendant.
                                   /

No. C 07-5483 SI

**SPECIAL VERDICT**

    We, the jury in the above entitled action, unanimously find the following special verdict on the question submitted to us:

    Did plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions, that defendant Stephen Markgraf violated Section 1983 by causing Karen Eklund's death?

    YES _____      NO _____

Dated:

                                            _____
                                            PRESIDING JUROR

United States District Court
For the Northern District of California