IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.D., a minor, *et al.*, | No. C 07-5483 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |
| v. | |
| STATE OF CALIFORNIA HIGHWAY PATROL, *et al.*, | |
| Defendants. | |

Defendant's motions for judgment as a matter of law and for a new trial are scheduled for a hearing on June 26, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motions.

**LEGAL STANDARDS**

**I.    Renewed motion for judgment as a matter of law**

In reviewing a renewed motion for judgment as a matter of law, the Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id*. The question is whether there is substantial evidence to support the jury finding for the non- moving party. *See Johnson v. Paradise Valley Unified Sch. Dist*., 251 F.3d 1222, 1227 (9th Cir. 2001). In ruling on such a motion, the trial court may not weigh the evidence or assess the credibility

of witnesses in determining whether substantial evidence exists to support the verdict. *See Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir. 1984). Substantial evidence is more than a scintilla of evidence. *See Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Chisholm Bris. Farm Equip. Co. v. Int'l Harvester Co.*, 498 F.2d 1137, 1140 (9th Cir. 1974). Rather, it is defined as such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence. *See Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

## II.     Motion for a new trial

Federal Rule of Civil Procedure 59(a) states, "A new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). The Ninth Circuit has noted, "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc*., 339 F.3d 1020, 1035 (9th Cir. 2003). Instead, the court is "bound by those grounds that have been historically recognized." *Id*. "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 728 (9th Cir. 2007) (*quoting Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods*., 212 F.3d 493, 510 n. 15 (9th Cir. 2000).

## DISCUSSION

A jury trial was held from April 27 - May 7, 2009. The jury found in favor of plaintiffs A.D. and J.E. on their claim that defendant Markgraf violated their Fourteenth Amendment rights by unlawfully depriving them of their liberty interest in their family relationship with their mother, Karen Eklund. In a bifurcated damages phase, the jury awarded $30,000 to each plaintiff. The Court entered

final judgment on May 8, 2009. Now before the Court is defendant's renewed motion for judgment as a matter of law, as well as defendant's motion for a new trial.

## I.      Renewed motion for judgment as a matter of law

Defendant contends that he is entitled to judgment as a matter of law because plaintiffs did not produce sufficient evidence to show that Officer Markgraf acted with a purpose to cause harm unrelated to a legitimate law enforcement objective. Defendant argues that the evidence showed that the "situation was tense, rapidly evolving, life-threatening and required the officer to act quickly and without the luxury of a second chance." Motion at 4:6-7. Defendant also argues that he is entitled to qualified immunity because, at the time of the shooting, it was not clearly established in the specific context of these facts that Markgraf was violating Eklund's Fourth Amendment rights.

In reviewing defendant's motion, the Court must draw all reasonable inferences in favor of the jury's verdict. *See Josephs*, 443 F.3d at 1062. Based on the evidence presented at trial, the jury could reasonably conclude that defendant Markgraf acted with a purpose to harm unrelated to a legitimate law enforcement objective. The evidence showed that (1) Ms. Eklund's car was contained in a dead-end street; (2) Ms. Eklund refused to get out of her car and repeatedly said "fuck you" to Markgraf; (3) the officers were positioned such that they were not in the path of Ms. Eklund's vehicle; (4) other officers at the scene testified that they did not feel threatened nor did they perceive an immediate threat at the time of the shooting; (5) five other officers had guns drawn but no one other than Officer Markgraf fired; (6) officers testified that Ms. Eklund's car was either stopped or going forward at the time of the shooting; (7) the location of the Eklund vehicle at the time of the shooting was not consistent with Markgraf's testimony; and (8) Officer Markgraf shot Ms. Eklund 12 times and emptied his gun. The jury could reasonably assess this evidence, including Officer Markgraf's testimony and credibility, and conclude that he shot Ms. Eklund out of anger or some other reason unrelated to a legitimate law enforcement objective.

Defendant's qualified immunity arguments are the same as presented in the motion for summary judgment, and for all of the reasons stated in the Court's March 17, 2009 order, the Court finds that defendant is not entitled to qualified immunity.

3

**II.      Motion for new trial**

     **A.      Verdict supported by the evidence**

Defendant seeks a new trial on four grounds. First, defendant contends that the jury verdict is against the clear weight of the evidence. As discussed above, the Court disagrees and finds that the jury verdict is supported by the evidence.

     **B.      Evidence of Eklund's drug use, psychiatric condition and criminal charges**

Second, defendant contends that evidence regarding Ms. Eklund's amphetamine intoxication and pending criminal actions, along with the testimony of Dr. Emily Keram, were improperly excluded from evidence during the liability phase. Defendant argues that this evidence was relevant to showing that Ms. Eklund was especially dangerous and posed a threat to the officers, and that without this evidence jurors were unaware of the totality of the circumstances surrounding the shooting. The Court excluded this evidence as irrelevant because Officer Markgraf was unaware that Ms. Eklund was under the influence of amphetamines or had pending criminal charges pending against her. Similarly, Dr. Keram's testimony about her psychiatric diagnosis of Ms. Eklund is irrelevant because Officer Markgraf did not know anything about Ms. Eklund – including her identity – at the time of the shooting. What was relevant was Ms. Eklund's conduct and the circumstances confronting Officer Markgraf when he shot Ms. Eklund, such as the car chase, the report of the stolen vehicle, Ms. Eklund's refusal to exit her vehicle, and Ms. Eklund's ramming of patrol vehicles. However, because Officer Markgraf did not know about Ms. Eklund's drug use or criminal charges, that evidence is not probative of whether Officer Markgraf shot Ms. Eklund with a purpose to harm unrelated to a legitimate law enforcement objective. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Blanford v. Sacramento County*, 406 F.3d 1110, 1116 (9th Cir. 2005).

     **C.      Jury instructions**

Third, defendant argues that several of defendant's proposed jury instructions should have been included during the liability phase. The instructions at issue relate to the standard of culpability for a violation of the Fourteenth Amendment. Defendant does not dispute the accuracy of the instruction that

4

was given:

> Plaintiffs' Section 1983 claim asserts a violation of their Fourteenth Amendment liberty interest in the companionship of their mother, decedent Karen Eklund. In order to prevail on this claim, plaintiff must prove that defendant Stephen Markgraf acted in a manner which shocks the conscience; that is, that Stephen Markgraf acted with a purpose to cause Karen Eklund's death unrelated to the legitimate law enforcement purposes of taking her into custody, self-defense, or the defense of others.
>
> In determining whether defendant Stephen Markgraf acted with a purpose to cause Karen Eklund's death unrelated to a legitimate law enforcement purpose, you are instructed that taking her into custody, arresting her, self-defense, and the defense of others are legitimate law enforcement purposes.

Docket No. 84 at 5. Instead, defendant contends that the Court should have given additional instructions that emphasized the heightened standard of culpability under the Fourteenth Amendment as compared to the Fourth Amendment. For example, defendant contends that the instruction that was given should have continued as follows:

> Thus, even if you believe that Officer Markgraf did not have probable cause to arrest or take her into custody, or that Officer Markgraf's use of force was unreasonable, that is not sufficient to prove a violation of the plaintiffs' constitutional rights. To find a violation of plaintiffs' Constitutional rights, you would find that Officer Markgraf intended to harm Karen Eklund and that he was motivated by some purpose other than carrying out a legitimate law enforcement purpose.

Docket No. 77 at 38. Similarly, defendant proposed – and the Court did not give – the following instruction:

> Plaintiffs A.D. and J.E. claim that defendant Stephen Markgraf violated their Fourteenth Amendment rights by pursuing decedent Karen Eklund in a high-speed chase terminating in the shooting of the decedent.
>
> To establish this claim, plaintiffs must prove both of the following things by a preponderance of the evidence that:
>
> Defendant Stephen Markgraf's conduct was arbitrary or unrelated to any legitimate goal of apprehending the decent or protecting other officers. It is not enough for plaintiffs to show that defendant Stephen Markgraf was careless or even reckless in pursuing the decedent. It is not enough for plaintiffs to prove that defendant Stephen Markgraf was deliberately indifferent to harm caused to decedent Karen Eklund. Plaintiffs A.D. and J.E. must prove that the defendant Stephen Markgraf intended to cause harm to decedent for a purpose that was unrelated to the valid goals of doing his job as a law enforcement officers, pursuing plaintiff, or protecting other officers.

*Id.* at 45.

"When the alleged error is in the formulation of the instructions, the instructions are to be considered as a whole and an abuse of discretion standard is applied to determine if they are misleading

5

1 or inadequate." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). Here, the jury was
2 instructed that plaintiffs needed to prove that Officer Markgraf's conduct "shocked the conscience; that
3 is, that he acted with a purpose to cause Karen Eklund's death unrelated to the legitimate law
4 enforcement purposes of taking her into custody, self-defense, or the defense of others." This
5 instruction is a correct statement of the Fourteenth Amendment standard of culpability. *See Porter v.*
6 *Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) ("We hold, following Supreme Court precedent and our
7 cases, that the purpose to harm standard must govern Osborn's conduct. Thus, viewing the facts in the
8 light most favorable to the Porters, they must demonstrate that Osborn acted with a purpose to harm
9 Casey that was unrelated to legitimate law enforcement objectives.). Defendant's proposed instructions
10 were unnecessary because they were redundant to the extent that they restated that Markgraf could not
11 be held liable unless he intended to cause harm unrelated to a legitimate law enforcement purpose. The
12 proposed instructions were also misleading because they discussed matters that were not at issue in this
13 case, such as whether Officer Markgraf had probable cause to arrest Ms. Eklund, or whether Officer
14 Markgraf's use of force was reasonable. Similarly, one of the proposed instructions confusingly
15 suggested that plaintiffs were challenging Officer Markgraf's actions during the car chase ("plaintiffs
16 claim that defendant Stephen Markgraf violated their Fourteenth Amendment rights by pursuing
17 decedent Karen Eklund in a high-speed chase terminating in the shooting of the decedent").

### D. Closing argument

Finally, defendant contends that plaintiff's attorneys attempted to prejudice the jury during closing argument of the liability phase. Defendant argues that counsel improperly attacked the character and motives of defendant and his counsel, such as by referring to Officer Markgraf as a "coward" who "fabricated" his story, and stating that defense counsel used "smoke and mirrors" to create a "Hollywood" production because defendant used video animated recreations of the chase and shooting scene. Defense counsel did not object to these or any of the other purportedly inflammatory statements.

"A new trial should only be granted where the flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Settlegood v. Portland Public Schools*, 371 F.3d 503, 517-18 (9th Cir. 2004). An

6

even higher threshold governs where, as here, defendants failed to object to the alleged misconduct during trial. *Id*. at 518. Under those circumstances, the court reviews for "plain or fundamental error," which requires: "(1) an error; (2) that the error be plain or obvious; (3) that the error have been prejudicial or affect substantial rights; and (4) that review be necessary to prevent a miscarriage of justice." *Id*.

The Court finds that none of the statements at issue meet this high threshold, and instead are within the bounds of acceptable advocacy. "A trial lawyer's job, after all, is to present his client's case in the most sympathetic light consistent with the evidence. Using some degree of emotionally charged language during closing argument in a civil case is a well-accepted tactic in American courtrooms." *Id*. (finding no misconduct where plaintiff's counsel had, *inter alia*, referred to his client as "brave little girl," claimed defense witnesses' testimony had been scripted and rehearsed by defense counsel, and said defendants had "back of the bus" mentality).

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motions for a new trial and for renewed judgment as a matter of law. (Docket Nos. 103 & 104).

**IT IS SO ORDERED.**

Dated: June 23, 2009

SUSAN ILLSTON
United States District Judge