1  Amitai Schwartz (State Bar No. 55187)
   Moira Duvernay (State Bar. No. 233279)
2  Law Offices of Amitai Schwartz
   Watergate Towers
3  2000 Powell Street, Suite 1286
   Emeryville, CA 94608
4  Telephone:  (510) 597-1775
   Facsimile:   (510) 597-0957
5  attorneys@schwartzlaw.com

6  Attorneys for Plaintiffs

7  John Houston Scott (State Bar No. 72578)
   Lizabeth N. de Vries (State Bar No. 227215)
8  Scott Law Firm
   1375 Sutter Street, Suite 222
9  San Francisco, CA 94109
   Telephone: (415) 561-9600
10 Facsimile: (415) 561-9609
   john@scottlawfirm.net
11 liza@scottlawfirm.net

12 Attorneys for Plaintiff, J.E., a minor

13 Thomas P. Greerty (State Bar No. 85616)
   917 La Juntas Street
14 Martinez, CA 94102
   Telephone:(925) 370-8400
15 Facsimile: (925) 228-6825
   tgreerty@tgreerty.com
16
   Attorneys for Plaintiff, A.D., a minor
17

18              UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA

20
   A.D., a minor, et al.,              )   Case No. C-07-5483 SI
21                                      )
            Plaintiffs,                 )
22                                      )   PLAINTIFFS' SUPPLEMENTAL
        v.                              )   MOTION FOR ATTORNEYS' FEES
23                                      )   AND EXPENSES ON REMAND
   STATE OF CALIFORNIA                  )   FROM THE COURT OF APPEALS
24 HIGHWAY PATROL, et al.,              )   AND FOR ATTORNEYS' FEES ON
                                        )   APPEAL
25          Defendants.                 )
                                        )   Date:   August 16, 2013
26                                      )   Time: 9:00 a.m.
                                        )   Place:  Courtroom 10
27 _____ )   Hon. Susan Illston

28

Plaintiffs' Supplemental Motion for
Attorneys' Fees and Expenses
Case No. C-07-5483  SI

1

TABLE OF CONTENTS

2   NOTICE OF MOTION   1

3   MEMORANDUM OF POINTS AND AUTHORITIES   2

4   I.   Background And Procedural History   2

5   II.   The Court Has Discretion to Give No Weight to Fee Amounts Discussed in Prior Settlement Negotiations and Should Not Give Prior Discussions Any Weight in This Case   7

   A.   More Was at Stake in This Case Than Money   8

   B.   The Defendant Never Made an Offer to Settle   9

   C.   The Court Should Reaffirm the Previous Award in its Entirety   10

   III.   Fees on the Merits Appeal   10

   A.   Hours Reasonably Expended   11

   B.   Reasonable Hourly Rates   13

   IV.   Fees for this Fee Motion   16

   V.   Additional Merits Fees   17

   VI.   Expenses   17

   VII.   Post-Judgment Interest on Fees   17

   VII.   Summary of Total Fees and Expenses Sought   19

   CONCLUSION   20

TABLE OF AUTHORITIES

*Cases*

A.D. v. California Highway Patrol
712 F.3d 446 (9th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6, 7, 10

Armstrong v. Brown
805 F. Supp. 2d 918 (N.D.Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Blum v. Stenson
465 U.S. 886 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cabrales v. County of Los Angeles
935 F.2d 1050 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Camacho v. Bridgeport Fin., Inc.
523 F.3d 9731 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Campbell v. National Passenger R.R. Corp.
718 F.Supp.2d 1093 (N.D.Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

City of Riverside v. Rivera
477 U.S. 561 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Clark v. City of Los Angeles
803 F.3d 987 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Coles v. City of Oakland
No. C03-2961 TEH, 2007 WL 39304 (N.D.Cal. Jan. 4, 2007) . . . . . . 15

Dang v. Cross
422 F.3d 800 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Davis v. City & County of San Francisco
976 F.2d 1536 (9th Cir. 1992),
vacated in part on denial of reh'g, 984 F.2d 345 (9th Cir. 1993) . . . . 16

Davis v. Prison Health Services
No. C 09-2629 SI, 2012 WL 4462520 (N.D.Cal. Sept. 25, 2012) . . . 14

Elder v. National Conference of Bar Examiners
No. C 11–00199 SI, 2011 W L 4079623 (N.D.Cal. Sept.12, 2011) . . 15

Friend v. Kolodzieczak
72 F.3d 1386 (9th Cir. 1995), cert. denied, 516 U.S. 146 (1996) . . . 17, 18

Gates v. Duekmejian
987 F.2d 1392 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hall v. City of Los Angeles
697 F.3d 1059 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hensley v. Eckerhart
461 U.S. 424 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

In re Kekauoha-Alisa
 674 F.3d  1083 (9th Cir. 2012)                                                              7

In re Nucorp Energy, Inc.
 764 F.2d 655 (9th Cir. 1985)                                                               16

Ingram v. Oroudjian
 647 F.3d 925 (9th Cir. 2011)                                                             7, 10

LaPeter v. Canada Life Ins. Co. of Am.
 No. CV06-121-S-BLW, 2009 WL 1313336 (D.Idaho May 11, 2009)                15

Larez v. City of Los Angeles
 946 F.2d 630 (9th Cir. 1991)                                                               11

Lohman v. Duryea Borough
 574 F.3d 163 (3d Cir. 2009)                                                                10

Mahach-Watkins v. Depee
 593 F.3d 1054 (9th Cir. 2010), cert. denied, 131 S.Ct. 898 (2011)                8

McCown v. City of Fortuna
 565 F.3d 1097 (2009)                                                                      3, 8

Morales v. City of San Rafael
 96 F.3d 357 (9th Cir. 1996)                                                                 8

Ortiz v. Jordan
 131 S.Ct. 884 (2011)                                                                        4

Oster v. Standard Insurance Co.
 768 F.Supp.2d 1026 (N.D.Cal. 2011)                                                        15

Parker v. Vulcan Materials Co. Long Term Disability Plan
 No. EDCV 07-1512 ABC (OPx), 2012 WL 843623
 (C.D.Cal. Feb. 16, 2012)                                                                   15

Perdue v. Kenny A. ex rel. Winn
 559 U.S. 542, 130 S.Ct. 1662 (2010)                                                        11

Prison Legal News v. Schwarzenegger
 608 F.3d 446 (9th Cir. 2010)                                                             14, 15

Quesada v. Thomason
 850 F.2d 537 (9th Cir. 1988)                                                                9

Recouvreur v. Carreon
 No. C 12-03435 RS,        F.Supp.2d        ,
 2013 WL 1719199 (N.D.Cal. Apr. 12, 2013)                                                   14

Tahara v. Matson Terminals, Inc.
 511 F.3d 950 (9th Cir. 2007)                                                               11

*Constitution, Statutes, and Rules*

U.S. Const., Amend. IV                                                                 5

U.S. Const., Amend. XIV                                                             2, 5

28 U.S.C. § 1961(a)                                                                    17

42 U.S.C. § 1983                                                                 2, 8, 10

42 U.S.C. § 1988                                                                      11

42 U.S.C. § 1988(b)                                                                    1

Fed. R. App. Pro. 28(j)                                                           4, 11

NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that plaintiffs will move the above entitled court on August 16, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10 located at the United States Courthouse, 450 Golden Gate Ave., San Francisco, California, for an order awarding attorneys' fees and expenses pursuant to 42 U.S.C. § 1988(b). The motion will be made on the ground that plaintiffs are the prevailing parties and therefore are entitled to an award of reasonable attorneys' fees and expenses and that the amount sought is reasonable.

The motion will be based upon this Notice of Motion, the Memorandum of Points and Authorities that accompanies this Motion, the Second Supplemental Declarations of Thomas P. Greerty, John H. Scott, and Amitai Schwartz, the Supplemental Declarations of Steven L. Mayer and Moira Duvernay, and the Supplemental Request for Judicial Notice filed herewith, all papers and records on file in this case, including plaintiffs' first Motion for Attorneys' Fees and Expenses, filed September 2, 2009 (Dkt. 121), the declarations and Request for Judicial Notice filed in support (Dkts. 122-131), plaintiffs' Reply Memorandum in Support of Motion for Attorneys' Fees and Expenses, filed October 30, 2009 (Dkt. 138), the additional declarations in support filed simultaneously (Dkts. 139-143), and any additional matter that may be presented at or before the hearing.

Dated: July 10, 2013

Respectfully submitted,

LAW OFFICES OF AMITAI SCHWARTZ

Amitai Schwartz
Moira Duvernay

By:   /s/ Amitai Schwartz
Amitai Schwartz
Counsel for Plaintiffs

1  MEMORANDUM OF POINTS AND AUTHORITIES

2  Plaintiffs A.D. and J.E. prevailed in their 42 U.S.C. § 1983 action against

3  defendant Stephan Markgraf of the California Highway Patrol. He

4  unconstitutionally caused the death of their mother, Karen Eklund. After the jury

5  awarded plaintiffs $30,000 each in damages, this Court awarded plaintiffs

6  attorneys' fees in 2009. Defendant appealed both the judgment on the merits as

7  well as the attorneys' fee award. In its recent opinion in *A.D. v. California*

8  *Highway Patrol*, 712 F.3d 446 (9th Cir. 2013), the Ninth Circuit Court of Appeals

9  affirmed the judgment on the merits and remanded for reconsideration this Court's

10  attorneys' fees order. The Ninth Circuit subsequently granted plaintiffs' motion to

11  transfer consideration of attorneys' fees for the merits appeal to this Court, but

12  denied fees for the fees appeal.

13  Plaintiffs request that this Court reinstate its original award of attorneys'

14  fees and expenses for the work plaintiffs' counsel performed prior to the appeal.

15  They also move this Court to fix the amount of attorneys' fees for work on the

16  merits appeal and request an award for their efforts to collect the judgment.

17  Although the Ninth Circuit remanded the original attorneys' fees award for

18  reconsideration, no reduction to the lodestar calculation is required.

19  I.    *Background And Procedural History*

20  On March 23, 2006, defendant Markgraf shot and killed plaintiffs' mother,

21  Karen Eklund. He shot her 12 times at close range. After almost three years of

22  investigation and contentious litigation, plaintiffs A.D. and J.E., minors, prevailed

23  by holding Markgraf accountable for killing their mother. The jury trial lasted

24  from April 27 to May 7, 2009. Dkts. 81-83. The jury returned a special verdict in

25  plaintiffs' favor on their claim Markgraf violated their Fourteenth Amendment

26  rights by unlawfully depriving them of their liberty interest in their familial

27  relationship with their mother. Dkt. 87. The jury awarded the children $60,000 in

28  damages. Dkt. 96.

1    On May 8, 2009, this Court entered judgment against Markgraf. Dkt. 97.

2    Defendant filed a motion for a new trial (Dkt. 103) and a motion for judgment as a

3    matter of law (Dkt. 104). This Court denied both motions. Dkt. 112.

4    On September 2, 2009, plaintiffs filed a motion for attorneys' fees and

5    expenses. Dkt. 121. Plaintiffs simultaneously filed declarations and exhibits in

6    support of the hourly rates sought for each attorney and the number of hours

7    claimed. Dkt. 122-131.

8    On November 10, 2009, this Court issued an order granting plaintiffs'

9    motion for attorneys' fees and costs. Dkt. 144. In its order, the Court rejected

10   defendant's argument that plaintiffs had achieved only limited success at trial. *Id.*

11   at 3-4. It refused to rely on confidential settlement negotiations in the

12   consideration of the fees motion. *Id.* at 4, citing *McCown v. City of Fortuna*, 565

13   F.3d 1097, 1104 n.4 (2009). This Court also noted that plaintiffs prevailed fully on

14   their claims at trial, vindicating important constitutional rights. Dkt. 144 at 4-5. It

15   held no reduction to the lodestar amount was appropriate because "of the

16   significance of the legal issues and the deterrent effect of this case." *Id.* at 5.

17   Using the presumptively reasonable lodestar calculation, this Court granted

18   plaintiffs $489,631.00 in fees for the work on the merits of the case; $6,402.59 in

19   expenses on the merits; $63,490.00 in fees for the fee petition; and $337.86 in

20   expenses for the fee petition. *Id.* at 12. The Court also held that plaintiffs' counsel

21   are entitled to post-judgment interest on the merits fees and expenses accruing

22   from May 8, 2009. *Id.*

23   Defendant appealed the judgment and the order awarding fees and expenses.

24   Dkts. 113, 145.

25   In December 2009, plaintiffs' counsel prepared to participate in a settlement

26   conference with the Ninth Circuit Mediation Program and submitted a mediation

27   statement. See Second Supplemental Declaration of Amitai Schwartz in Support of

28   Plaintiff's Motion for Attorneys' Fees ("Second Supp. Schwartz Decl."), ¶ 8. On

1   December 14, 2009, plaintiffs' counsel and guardian ad litem Sue Casey attended

2   the mediation. *Id.* The parties did not reach an agreement and the case did not

3   settle. *Id.*

4       The Ninth Circuit Mediator consolidated the two appeals for calendaring.

5   On March 22, 2010, Defendant filed the opening brief in the merits appeal, case

6   No. 09-16460 (9th Cir. Dkt. Entry 14), and the opening brief in the fee appeal,

7   case No. 09-17635 (9th Cir. Dkt. Entry 4).[1]

8       On June 18, 2010, plaintiffs filed answering briefs in both appeals. 9th Cir.

9   Dkt. Entry 27. On August 23, 2010, defendant filed his reply briefs. 9th Cir. Dkt.

10  Entry 34. On November 3, 2010, the court of appeals heard oral arguments in both

11  appeals. 9th Cir. Dkt. Entry 41.

12      On January 27, 2011, plaintiffs' counsel wrote to the Ninth Circuit pursuant

13  to Fed. R. App. Pro. 28(j) to bring to the court's attention the decision in *Ortiz v.*

14  *Jordan*, 131 S.Ct. 884 (2011).[2] 9th Cir. Dkt. Entry 43. Defendant filed a letter in

15  response on January 31, 2011. 9th Cir. Dkt. Entry 44-1.

16      On April 6, 2011, the Ninth Circuit issued its first opinion in this case

17  holding that defendant Markgraf is entitled to qualified immunity. It overturned

18  the judgment on the merits and vacated the award of attorneys' fees. 9th Cir. Dkt.

19  Entry 45-1.

20  _____

21     [1] Although consolidated for calendaring, each appeal has a separate docket. For

22  the purpose of this motion, the Ninth Circuit docket entries cited will refer to the
    merits appeal, case No. 09-16460, unless otherwise indicated. The docket report

23  for the merits appeal is attached to the Second Supp. Schwartz Decl. as Exhibit L.

24     [2] Among other things, defendant Markgraf sought to overturn this Court's

25  ruling on summary judgment. *Ortiz* held that an order denying summary judgment
    on qualified immunity grounds is not appealable after trial. In its final opinion in

26  this case, the Ninth Circuit held that in light of *Ortiz* it did not need to address

27  Markgraf's appeal of the denial of his summary judgment motion, "because a jury
    has rendered a verdict since Markgraf made the motion." *A.D.*, 712 F.3d at 452

28  n.1.

1    On April 20, 2011, plaintiffs filed a petition for rehearing en banc. 9th Cir.

2    Dkt. Entry 46. Plaintiffs argued that the Ninth Circuit panel's opinion credited

3    Officer Markgraf's testimony despite the fact that the jury had already rejected his

4    version of the facts and had found that he had acted for the purpose of causing

5    harm unrelated to a legitimate law enforcement purpose. *Id.* at 5-10. Plaintiffs also

6    argued that the panel's opinion granted Markgraf qualified immunity under a

7    Fourth Amendment standard despite the fact that this was a Fourteenth

8    Amendment familial association case involving subjective intent. *Id.* at 10-17.

9    On May 10, 2011, the Ninth Circuit directed defendant to file a response.

10   9th Cir. Dkt. Entry 47. He filed his response on June 8, 2011. 9th Cir. Dkt. Entry

11   50. The court granted plaintiffs leave to file a reply. Plaintiffs filed the reply on

12   June 12, 2011. 9th Cir. Dkt. Entry 51, 52.

13   On April 11, 2012, the Ninth Circuit panel withdrew its original opinion and

14   issued an order requesting supplemental briefing. 9th Cir. Dkt. Entry 55. It

15   directed the parties to answer two questions: 1) "How should the qualified

16   immunity framework be applied based on the jury's finding that

17   Defendant-Appellant violated Plaintiffs-Appellees' Fourteenth Amendment right

18   to a familial relationship?"; and 2) "Does the subjective requirement in this case

19   that the Defendant-Appellant act with a purpose to harm unrelated to a legitimate

20   law enforcement objective in order to violate the Plaintiffs-Appellees' Fourteenth

21   Amendment right to familial association affect the qualified immunity inquiry?"

22   *Id.*

23   Defendant filed his supplemental brief on April 25, 2012. 9th Cir. Dkt.

24   Entry 59. Plaintiffs filed their supplemental brief on May 9, 2012. 9th Cir. Dkt.

25   Entry 62. Defendant filed a reply on May 16, 2012. 9th Cir. Dkt. Entry 64.

26   On June 26, 2012, the Ninth Circuit panel issued an order scheduling

27   additional oral argument. 9th Cir. Dkt. Entry 67. On September 18, 2012, counsel

28   argued once again before the Ninth Circuit. 9th Cir. Dkt. Entry 75.

1    On April 3, 2013, the Ninth Circuit panel issued a new opinion in this case

2    affirming this Court's denial of defendant Markgraf's motion for judgment as a

3    matter of law. *See A.D. v. California Highway Patrol*, 712 F.3d 446 (9th Cir.

4    2013). The court of appeals determined that the jury reasonably found Markgraf

5    shot Karen Eklund with a purpose to harm unrelated to a legitimate law

6    enforcement objective and therefore held Markgraf could not assert qualified

7    immunity in his post-verdict motion for judgment as a matter of law. *Id.*

8    The court of appeals also reversed the fee award and remanded for a

9    determination of a reasonable fee in light of an intervening change in Ninth Circuit

10   precedent regarding whether courts may consider settlement negotiations when

11   determining the reasonableness of an attorneys' fee award. *Id.* at 460-461. The

12   court directed: "On remand, the district court has the discretion (1) to consider the

13   amounts discussed in settlement negotiations, or not; and (2) to give those

14   amounts as much or as little weight as it sees fit." *Id.* at 461.

15   In light of their success on appeal, plaintiffs filed a motion to transfer

16   consideration of attorneys' fees for the appeal to this Court. 9th Cir. Dkt. Entry 77.

17   The Ninth Circuit granted plaintiffs' motion as to the merits appeal, but ruled

18   plaintiffs are not entitled to fees for the appeal of the fee award. 9th Cir. Dkt.

19   Entry 79. Plaintiffs filed a motion for reconsideration. 9th Cir. Dkt. Entry 81. The

20   Ninth Circuit denied the motion on June 11, 2013. 9th Cir. Dkt. Entry 89.

21   In the meantime, defendant filed a petition for panel rehearing and rehearing

22   en banc. 9th Cir. Dkt. Entry 78. Both were denied on May 13, 2013. 9th Cir. Dkt.

23   Entry 85.

24   //

25   //

26   //

27   //

28   //

Plaintiffs' Supplemental Motion for
Attorneys' Fees and Expenses
Case No. C-07-5483  SI

6

II.    *The Court Has Discretion to Give No Weight to Fee Amounts Discussed in Prior Settlement Negotiations and Should Not Give Prior Discussions Any Weight in This Case*

In its opinion in this case, the Ninth Circuit noted that this Court "correctly applied then-existing Ninth Circuit case law" that prevented courts from considering confidential settlement negotiations when determining a reasonable attorneys' fee award. *A.D.*, 712 F.3d at 460. It nonetheless remanded on the attorneys' fee issue because intervening case law now allows a district court, in its discretion, to consider settlement negotiations, or not. *Id.* at 461.

The Ninth Circuit relied on *In re Kekauoha-Alisa*, 674 F.3d 1083, 1093-94 (9th Cir. 2012), and *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011). *A.D.*, 712 F.3d at 461. In *Kekauoha–Alisa*, the court of appeals held the bankruptcy court could consider "to the degree such evidence is relevant" a settlement offer a lender had made early in the course of litigation. 674 F.3d at 1093-94. The court of appeals in *Ingram* held that the district court could consider, in its discretion, evidence the plaintiffs-appellants had rejected a settlement offer, only to settle for the same amount one month later. 647 F.3d at 927. In *Ingram*, the plaintiffs-appellants "took unreasonable settlement positions and prolonged the litigation, forcing Appellees to pursue litigation alternatives, including a motion for summary judgment." *Id.*

In remanding the fee award, the Ninth Circuit did not hold that this Court must adjust the lodestar in light of the *Kekauoha-Alisa* or *Ingram* cases. Instead, it deferred to the discretion of this Court, declining to "opine as to how that discretion should be exercised." *A.D.*, 712 F.3d at 461. The Ninth Circuit remanded solely for the purpose of allowing this Court to exercise its discretion to consider settlement negotiations. A district court is limited by the court of appeals' remand "when the scope of the remand is clear." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). No other grounds for reconsideration of the fee award were included within the scope of the remand here.

1   This Court should give no weight to amounts discussed in prior settlement

2   negotiations for two reasons: first, this Court has already determined that the

3   victory in this case and the verdict of the jury were about more than money; and

4   second, defendant made no settlement offer.

5       A.   *More Was at Stake in This Case Than Money*

6       In its original order awarding attorneys' fees, this Court has already

7   determined that plaintiffs' success in this case was about more than money. Dkt.

8   144 at 5 ("plaintiffs achieved 'significant nonmonetary results'"). *Id.* at 5. *See City*

9   *of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("[A] civil rights plaintiff seeks

10  to vindicate important civil and constitutional rights that cannot be valued solely

11  in monetary terms."); *McCown*, 565 F.3d at 1105 ("a nonmonetary victory may

12  constitute 'excellent results' for the purpose of calculating attorney's fees").

13  Specifically, this Court held plaintiffs fully prevailed at trial, vindicating their

14  constitutional rights and securing a jury verdict that serves the vital public purpose

15  of deterring the unlawful use of deadly force. *Id.* at 4-5, citing *Morales v. City of*

16  *San Rafael,* 96 F.3d 357, 365 (9th Cir. 1996). The Ninth Circuit has expressed

17  "difficulty imagining a more important issue than the legality of state-sanctioned

18  force resulting in death." *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1062 (9th Cir.

19  2010), *cert. denied*, 131 S.Ct. 898 (2011). It has also held that a § 1983 jury

20  verdict against a California Highway Patrol officer for excessive use of deadly

21  force serves the important public goal of deterrence. *Id.* at 1062-63.

22      When civil rights plaintiffs achieve modest monetary success but significant

23  nonmonetary success, the lodestar amount should not be reduced. "Because

24  damages awards do not reflect fully the public benefit advanced by civil rights

25  litigation, Congress did not intend for fees in civil rights cases, unlike most private

26  law cases, to depend on obtaining substantial monetary relief. Rather, Congress

27  made clear that it 'intended that the amount of fees awarded under [§ 1988] be

28  governed by the same standards which prevail in other types of equally complex

1   Federal litigation, such as antitrust cases and *not be reduced because the rights*
2   *involved may be nonpecuniary in nature*.' Senate Report, at 6, U.S.Code Cong. &
3   Admin.News 1976, p. 5913 (emphasis added)." *Rivera*, 477 U.S. at 575; *Quesada*
4   *v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988) (holding that in a civil rights case
5   the district court "should not have reduced the attorney's fees simply because the
6   damage award was small").

7       B.    *The Defendant Never Made an Offer to Settle*

8       Defendant Markgraf never made an offer to settle this case. In his
9   declaration in opposition to plaintiffs' original motion for attorneys' fees,
10  defendant's attorney Tom Blake revealed that he "did not request CHP approval to
11  make a formal settlement offer." Dkt. 133, ¶ 7.[3] He merely offered his personal
12  opinion, based on his experience working in the Attorney General's office and
13  with the California Highway Patrol, that the case "could have been settled" for
14  "$75,000 or some similar sum per minor." *Id.* at ¶ 8.

15      Plaintiffs' trial attorneys John Scott and Thomas Greerty confirmed in their
16  supplemental declarations submitted to this Court that neither one received from
17  defendant's counsel a firm settlement offer.[4] John Scott understood from attorney
18  Blake "that his client was unwilling to settle, despite Mr. Blake's
19  recommendation." Dkt. 139, ¶ 2. Thomas Greerty declared that defense counsel
20  presented no settlement offer at either the Early Neutral Evaluation session or the
21  court-ordered settlement conference. Dkt. 140, ¶ 11.

22

23  _____
24  [3] For the Court's convenience, a true and correct copy of the Declaration of
    Tom Blake in Opposition to Plaintiffs' Motion for Attorneys' Fees, Dkt. 133, is
25  attached as Exhibit I to the Second Supplemental Declaration of Amitai Schwartz
26  filed herewith.

27  [4] The supplemental declarations of John Scott and Thomas Greerty filed in
    response to the Blake declaration, Dkts. 139 and 140, are also attached for the
28  Court's convenience as Exhibits J & K to the Schwartz Declaration.

1  Deputy Attorney General Blake's speculation about the amount he thought

2  the case could have settled for is not the equivalent of an actual settlement offer.[5]

3  Therefore, there is no meaningful settlement discussion to reconsider.

4  Further, even if defendant had proof of a tangible settlement offer, the Ninth

5  Circuit's opinion is clear that this Court is not required to give it any weight.

6  *A.D.*, 712 F.3d at 461. This Court is "free to reject such evidence as not bearing on

7  success." *Lohman v. Duryea Borough*, 574 F.3d 163, 168 (3d Cir. 2009) ("[W]e

8  hold only that settlement negotiations *may* be relevant in measuring success, and,

9  if so, are clearly only one factor to be considered in the award of fees."), cited with

10  approval in *A.D.*, 712 F.3d at 461, and *Ingram*, 647 F.3d at 927.

11  **C.**   *The Court Should Reaffirm the Previous Award in its Entirety*

12  Because plaintiffs here obtained excellent results, their attorneys "should

13  recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435

14  (1983). Even if defendant had made a settlement offer, "the significance of the

15  legal issues and the deterrent effect of this case" support the reinstatement of this

16  Court's original fee award. See Order Granting Plaintiffs' Motion for Attorneys'

17  Fees and Costs, Dkt. 144, at 5. *Cf. Dang v. Cross*, 422 F.3d 800, 813 (9th Cir.

18  2005) ("a plaintiff does not need to receive all the relief requested in order to show

19  excellent results warranting the fully compensatory fee").

20  **III.**   *Fees on the Merits Appeal*

21  The Ninth Circuit affirmed this Court's denial of defendant Markgraf's

22  motion for judgment as a matter of law.  *A.D.*, 712 F.3d at 460. Therefore,

23  plaintiffs have successfully defended the jury verdict and are the prevailing parties

24  on the appeal of the merits of the underlying 42 U.S.C. § 1983 action.

25  A party who successfully prevails on appeal is entitled to attorneys' fees

---

[5] It would be odd at this late date for defendant to produce new evidence of a settlement offer he did not disclose in 2009.

1   under 42 U.S.C. § 1988. *Larez v. City of Los Angeles*, 946 F.2d 630, 649 (9th Cir.

2   1991). It does not matter that plaintiffs originally lost on appeal, only to have the

3   Ninth Circuit withdraw its own opinion and ultimately affirm. "[A] plaintiff who is

4   unsuccessful at a stage of litigation that was a necessary step to her ultimate

5   victory is entitled to attorney's fees even for the unsuccessful stage." *Cabrales v.*

6   *County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). "[L]osing is part of

7   winning." *Id.*

8       Plaintiffs are entitled to attorneys' fees for the merits appeal in this case

9   based on the lodestar calculation. *Hensley*, 461 U.S. at 433; *Tahara v. Matson*

10  *Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007). The lodestar amount—the

11  number of hours worked multiplied by a reasonable hourly rate—is presumptively

12  reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 1672

13  (2010).

14       A.    *Hours Reasonably Expended*

15       John Scott and Thomas Greerty spent 89.9 hours and 91.6 hours

16  respectively on the merits appeal. Second Supp. Scott Decl., ¶ 11 & Exh. B;

17  Second Supp. Greerty Decl., ¶ 8 & Exh. B. Amitai Schwartz, the lead author of the

18  petition for rehearing en banc and plaintiffs' supplemental brief, spent 205.3 hours

19  on the merits appeal. Second Supp. Schwartz Decl., ¶ 17 & Exh. C.  His associate,

20  Moira Duvernay, spent 18.0 hours on the merits appeal. *Id.* at ¶ 18 & Exh. D.

21  Plaintiffs' attorneys' hours were reasonable given the unique trajectory of the

22  appeal in this case. See *id.* at ¶¶ 8-16.

23       Plaintiffs' attorneys' spent time preparing for and attending the Ninth

24  Circuit mediation; researching, drafting, and editing plaintiffs' Answering Brief;

25  preparing for and attending the first round of oral arguments in this case; and

26  drafting and sending a Rule 28(j) letter to the court of appeals after oral argument.

27  But these hours were simply the beginning. See Second Supp. Scott Decl., ¶¶ 9-

28  10; Second Supp. Greerty Decl., ¶¶ 4-6; Second Supp. Schwartz Decl., ¶ 9-10.

1    The work did not end after the Ninth Circuit issued its original opinion.

2    Plaintiffs' attorneys diligently pursued rehearing en banc. As a result, the Ninth

3    Circuit panel withdrew its original opinion. Plaintiffs' attorneys obtained the

4    opportunity for supplemental briefing and additional oral argument and then

5    persuaded the court of appeals to analyze the case differently and rule in plaintiffs'

6    favor. *Id.* at  ¶¶ 11-16.

7        Plaintiffs' lead attorneys divided the labor. John Scott was the principal

8    author of plaintiffs' Answering Brief on the merits. Second Supp. Scott Decl.,

9    ¶ 10. Thomas Greerty assisted with the brief, combing through the record for

10   necessary factual support and editing the brief. *Id.*; Second Supp. Greerty Decl.,

11   ¶¶ 4-5. Amitai Schwartz assisted with the merits briefing, but then drafted the

12   petition for rehearing en banc with input from attorneys Scott and Greerty. Second

13   Supp. Schwartz Decl., ¶ 12. After defendant Markgraf filed his answer to

14   plaintiffs' petition, Schwartz drafted plaintiffs' motion for leave to reply and

15   prepared the reply brief. *Id.* at ¶ 13.

16       Preparing plaintiffs' supplemental brief required a substantial effort. Second

17   Supp. Schwartz Decl., ¶ 14. Plaintiffs' attorneys had to overcome the

18   overwhelming burden of convincing an appellate court to reverse itself. See

19   Supplemental Declaration of Steven L. Mayer in Support of Motion for Attorneys'

20   Fees, ¶ 10 ("[I]t is extremely rare for an appellate panel to grant rehearing at the

21   request of a party that has lost an appeal. It is even rarer for the appellate panel to

22   change the judgment entirely after a rehearing, as occurred in this case."). Amitai

23   Schwartz took the lead, carefully crafting plaintiffs' arguments with significant

24   help from Thomas Greerty who was intimately familiar with the factual record and

25   events at the trial. Schwartz Decl., ¶ 14; Second Supp. Greerty Decl., ¶¶ 4, 7.

26   Moira Duvernay assisted with researching and editing. Second Supp. Schwartz

27   Decl., ¶ 14.

28       The fact that the Ninth Circuit panel ordered a second round of oral

1   argument indicated to plaintiffs' attorneys that the court of appeals had

2   outstanding questions it wanted answered by the parties. *Id.* at ¶ 15. Attorney

3   Schwartz spent significant time preparing thoroughly, again enlisting help from

4   co-counsel. *Id*.

5       The hours spent on the appeal were reasonable.

6       **B.**   *Reasonable Hourly Rates*

7       Plaintiffs seek $725.00 per hour for the services of Thomas Greerty, John

8   Scott, and Amitai Schwartz. Previously in 2009, the Court awarded $600.00 per

9   hour for each attorney. See Dkt. 144 at 10. Plaintiffs incorporate the 2009

10  declarations and other exhibits previously filed in support of plaintiffs' counsel's

11  hourly rates. See Dkts. 122-131. In addition, plaintiffs' counsel have each included

12  as exhibits to their respective Second Supplemental Declarations an updated

13  curriculum vitae. See Second Supp. Greerty Decl., Exh. A; Second Supp. Scott

14  Decl., Exh. A, Second Supp. Schwartz Decl., Exh. A. This documentation shows

15  attorney Greerty now has 34 years experience practicing law; attorney Scott has 37

16  years experience; and attorney Schwartz has over 40 years experience.

17      Current rates sought are at or below the 2013 prevailing market rates for

18  attorneys of comparable skill and experience in the Northern District of California.

19  *See Gates v. Duekmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (reasonable fees are

20  determined based on the pravailing market rates in the relevant legal community).

21  Bay Area attorneys with similar experience as the lead attorneys in this case

22  charge more than $725 per hour. See Supp. Mayer Decl., ¶¶ 2-6 (1974 law school

23  graduate practicing in San Francisco Bay Area firm Arnold & Porter, LLP, charges

24  $910 per hour; current standard hourly rates for attorneys who graduated between

25  1972 and 1978 range between $800 to $875); Supp. Req. for Jud. Not., Exh. 4

26  (exhibit to declaration of Diane C. Hutnyan filed on July 22, 2012, in *Apple Inc. v.*

27  *Samsung Electronics Co.,* Case No. 11-cv-01846-LHK (PSG), shows the "average

28  partner rate" at Quinn Emanuel Urquhart & Sullivan, LLP Emanuel is $821.00 per

1  hour).

2       Recent fee awards granted in the Northern District show $725 per hour is a

3  reasonable rate for civil rights attorneys with similar or less experience than

4  plaintiffs' counsel. *See, e.g., Recouvreur v. Carreon*, No. C 12-03435 RS, ___

5  F.Supp.2d ___, 2013 WL 1719199, *6 (N.D.Cal. Apr. 12, 2013) (approving hourly

6  rate of $700 for public interest lawyer with 20 years experience); *Davis v. Prison*

7  *Health Services*, No. C 09-2629 SI, 2012 WL 4462520, *9 (N.D.Cal. Sept. 25,

8  2012) (approving rates between $675 and $750 per hour for experienced civil

9  rights litigators in the Northern District of California); *Armstrong v. Brown*, 805 F.

10  Supp. 2d 918, 921 (N.D.Cal. 2011) (finding 2010 hourly rate of $700 per hour

11  reasonable for 1978 and 1980 law graduates); *Campbell v. National Passenger*

12  *R.R. Corp.*, 718 F.Supp.2d 1093, 1099-1100 (N.D.Cal. 2010) ($700 per hour was

13  appropriate rate for civil rights attorney in the Northern District of California who

14  has been practicing since 1982). In *Prison Legal News v. Schwarzenegger*, 608

15  F.3d 446,455 (9th Cir. 2010), the Ninth Circuit held the district court's approval of

16  Bay Area law firm 2008 hourly rates of $875 per hour for a partner and $700 per

17  hour for an attorney with 23 years experience was not an abuse of discretion

18  because they were "not so out of line as to be unreasonable."

19       Plaintiffs seek $425.00 per hour for the services of Moira Duvernay. This

20  Court approved a $300.00 hourly rate for this attorney in 2009. A 2004 law

21  graduate, she now has 9 years experience practicing law. See Second Supp.

22  Schwartz Decl., ¶¶ 27-28 & Exh. H. Attorneys with less experience charge hourly

23  rates higher than $425.00 per hour. See Supp. Mayer Decl., ¶ 3 (bay area firm

24  Arnold & Porter, LLP, standard rate for 2004 law graduate is $625 per hour;

25  attorneys with only 5 years experience charge between $415 and $555 per hour);

26  Supp. Req. for Jud. Not., Exh. 4 (Bay Area firm Quinn Emanuel Urquhart &

27  Sullivan, LLP, "average associate rate" is $448.00 per hour). This rate is well

28  within the range of hourly rates approved in the Northern District since 2011. *See,*

1   *e.g., Armstrong*, 805 F. Supp. 2d at 921 (approving 2010 hourly rates between

2   $325 and $480 reasonable for attorneys graduating between 2003-2008); *Oster v.*

3   *Standard Insurance Co.,* 768 F.Supp.2d 1026, 1035 (N.D.Cal. 2011) (approving

4   hourly rate of $400 for associate attorneys with 10 years experience); *Elder v.*

5   *National Conference of Bar Examiners*, No. C 11–00199 SI, 2011 WL 4079623,

6   *4-5 (N.D.Cal. Sept.12, 2011) (finding hourly rate of $535 reasonable for 2003

7   law graduate). Also, the Ninth Circuit in *Prison Legal News* upheld a 2008 hourly

8   rate of $425 for a 2003 law graduate. 608 F.3d at 455.

9        The increase in plaintiffs' attorneys' rates from 2009 until 2013 is not

10  unreasonable. *See Armstrong*, 805 F. Supp. 2d at 921 (finding hourly rate

11  increases from 2008 to 2010 reasonable "in light of the incremental rise in hourly

12  rates in the Bay Area and each timekeeper's professional experience"); *Coles v.*

13  *City of Oakland*, No. C03-2961 TEH, 2007 WL 39304, *7 (N.D.Cal. Jan. 4, 2007)

14  (rejecting defendants' argument that rate increases should not surpass the rate of

15  inflation and stating "the focus of the rate analysis is to ensure that fees are

16  awarded at 'prevailing market rates in the relevant community,' and such rates

17  may be affected by factors other than inflation, such as attorneys' additional years

18  of experience or changes in the legal market"), quoting *Blum v. Stenson*, 465 U.S.

19  886, 895 (1984). *See also Parker v. Vulcan Materials Co. Long Term Disability*

20  *Plan*, No. EDCV 07–1512 ABC (OPx), 2012 WL 843623, *7 (C.D.Cal. Feb. 16,

21  2012) (approving as reasonable an approximate 10 percent increase between 2011

22  rates and 2012 rates because "[i]t is common practice for attorneys to periodically

23  increase their rates for various reasons, such as to account for expertise gained

24  over time, or to keep up with the increasing cost of maintaining a practice");

25  *LaPeter v. Canada Life Ins. Co. of Am.*, No. CV06–121–S–BLW, 2009 WL

26  1313336 *3 (D.Idaho May 11, 2009) ("It is typical for rates to increase on a yearly

27  basis and, also, for associates' and paralegals' rates to increase as they gain more

28  experience.").

1    In support of plaintiffs' first motion for attorneys' fees, plaintiffs provided

2    this court with examples of the hourly rates awarded in *In re Heller Ehrman LLP*,

3    Case No.08-32514, a bankruptcy case, as a helpful indicator of prevailing market

4    rates in the Northern District of California. A more recent award in the same

5    bankruptcy litigation demonstrates that the rate increase for plaintiffs' attorneys

6    here is in line with rate increases charged by other Bay Area firms. Compare Supp.

7    Req. for Jud. Not., Exhs. 1-3, with first Req. for Jud. Not. (Dkt. 129), at Exhs. 1-3

8    (showing rate increase for 1988 law graduate John D. Fiero, a Bay Area attorney,

9    from $625 to $725 from 2009 to 2011).

10   IV.   *Fees for this Fee Motion*

11       Plaintiffs respectfully request the Court to reinstate the award for fees

12   incurred in litigating the original fee petition. In addition, plaintiffs seek fees for

13   litigating this supplemental fee motion. "[T]he time spent in establishing

14   entitlement to an amount of fees awardable under section 1988 is compensable."

15   *Clark v. City of Los Angeles*, 803 F.3d 987, 992 (9th Cir. 1986); *accord Davis v.*

16   *City & County of San Francisco,* 976 F.2d 1536, 1544 (9th Cir. 1992), *vacated in*

17   *part on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993). "This is so because it would

18   be inconsistent to dilute a fees award by refusing to compensate attorneys for the

19   time they reasonably spent in establishing their rightful claim to the fee."

20   *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 981 (9th Cir. 2008). "If an

21   attorney is required to expend time litigating his fee claim, yet may not be

22   compensated for that time, the attorney's effective rate for all the hours expended

23   on the case will be correspondingly decreased." *In re Nucorp Energy, Inc*., 764

24   F.2d 655, 660-61 (9th Cir. 1985)(citation omitted).

25       Fees on fees must be calculated using the lodestar method. *Camacho,* 523

26   F.3d at 981. Through July 10, 2013, Amitai Schwartz has spent 15.6 hours on this

27   motion. Moira Duvernay has spent 89.1 hours. Second Supp. Schwartz Decl.,

28   ¶¶ 22-23 & Exhs. E & F. This time is reasonable inasmuch as fee counsel had to

1  review applicable legal authorities, obtain declarations, gather and present time
2  records, research current hourly rates in the Northern District of California, meet
3  and confer with defendant's counsel regarding possible settlement of the fees
4  claim, and draft the moving papers. *Id.* at  ¶¶ 20-21.
5  V.    *Additional Merits Fees*
6        Plaintiffs' counsel has incurred additional fees related to the merits of the
7  underlying litigation since the Ninth Circuit affirmed the judgment in this case.
8  See Second Supp. Schwartz Decl., ¶ 25 & Exh. G (itemization of time). As of July
9  10, 2013, plaintiffs counsel Amitai Schwartz has spent 0.8 hours attempting to
10 communicate with defendant's counsel about securing payment of the judgment in
11 this case for the plaintiffs, A.D. and J.E. To date, the plaintiffs have not received
12 any payment. *Id.*
13 VI.   *Expenses*
14       The Ninth Circuit mandated that the parties bear their own costs on appeal.
15 *A.D.*, 712 F.3d at 461. However, plaintiffs respectfully request the Court reinstate
16 its original award of plaintiffs' attorneys' pre-appeal expenses for both the merits
17 and the fee petition. Additionally, plaintiffs' attorneys seek compensation for
18 expenses incurred in preparing this supplemental motion for fees. Fee counsel
19 requests $18.41 incurred for expenses through July 10, 2013. Second Supp.
20 Schwartz Decl., ¶ 31 & Exh. M.
21 VII.  *Post-Judgment Interest on Fees*
22       This Court determined in its original order granting fees that plaintiffs'
23 counsel are entitled to post-judgment interest on the merits fees and expenses from
24 May 8, 2009. Dkt. 144 at 12. *See Friend v. Kolodzieczak*, 72 F.3d 1386 (9th Cir.
25 1995), *cert. denied*, 516 U.S. 146 (1996) (plaintiffs' attorneys are entitled to
26 post-judgment interest on the amount of their attorneys' fees and expenses
27 pursuant to 28 U.S.C. § 1961(a)). Plaintiffs request the Court renew its grant of
28 post-judgment interest on the pre-appeal merits fees and expenses from May 8,

1 | 2009, as well as a grant post-judgment interest on the initial fees on fees award
2 | accruing from the date of the award, November 10, 2009.

3 |       Plaintiffs are also entitled to interest on the amount of attorneys' fees for the
4 | merits appeal, accruing from the date the mandate of the court of appeals was filed
5 | in this Court, May 24, 2013. Dkt. 169. *See Friend*, 72 F.3d at 1391-92 ("Interest
6 | runs from the date that entitlement to fees is secured, rather than from the date that
7 | the exact quantity of fees is set.").

8 | //
9 | //
10 | //
11 | //
12 | //
13 | //
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

VII.   *Summary of Total Fees and Expenses Sought*

Original Fee Award Pre-Appeal:

|  |  |  |
|---|---|---|
| Merits Work Fees: | | $489,631.00 |
| Merits Expenses: | | $6,402.59 |
| Fees for Original Fee Petition: | | $63,490.00 |
| Fees Expenses: | | $337.86 |
| **Total Pre-Appeal Fees and Expenses:** | | **$559,861.45** |

Merits Appeal:

| | | |
|---|---|---|
| Amitai Schwartz: | 205.3 hours x $725.00/hour = | $148,842.50 |
| Thomas Greerty: | 91.6 hours x $725.00/hour = | $66,410.00 |
| John H. Scott: | 89.9 hours x $725.00/hour = | $65,177.50 |
| Moira Duvernay: | 18.0 hours x $425.00/hour = | $7,650.00 |
| **Total Fees for the Merits Appeal:** | | **$288,080.00** |

Supplemental Fee Petition (as of July 10, 2013):

| | | |
|---|---|---|
| Amitai Schwartz: | 15.6 hours x $725.00/hour = | $11,310.00 |
| Moira Duvernay: | 89.1 hours x $425.00/hour = | $37,867.50 |
| Expenses: | | $18.41 |
| **Total Fees and Expenses for Supplemental Fee Motion Fees:** | | **$49,195.91** |

Post-Appeal Merits Work (as of July 10, 2013):

| | | |
|---|---|---|
| Amitai Schwartz: | 0.8 hours x $725.00/hour = | $580.00 |
| **Total Fees and Expenses for Post-Appeal Merits Work:** | | **$580.00** |

//
//
//

CONCLUSION

Plaintiffs intend to supplement the amount of fees and expenses requested here with the additional time spent in the preparation of their reply papers.

Plaintiffs' attorneys respectfully request that the Court award attorneys' fees and expenses in accordance with the total amount to be set forth in the Reply Memorandum to be filed in support of this motion.

Dated: July 10, 2013

Respectfully submitted,

THE SCOTT LAW FIRM
THOMAS P. GREERTY
LAW OFFICES OF AMITAI SCHWARTZ

By:      /s/ Amitai Schwartz
         Amitai Schwartz
         Counsel for Plaintiffs